Mary Konopski, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges CRUM-LISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*Emory W. Buck,* with him *Cooper & Greenleaf,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 6, 1978:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) affirming, after the Board took additional testimony through a Hearing Officer, the order of the referee denying benefits to petitioner (claimant) pursuant to Section 402(b)(1) of the Unemployment Compensation Law

(Law)[1] (voluntary termination of work without cause of necessitous and compelling nature). We affirm.

Claimant was employed by Lemmon Pharmacal Company (Lemmon) in the newly created position of telephone sales representative, earning a final salary of $125 per week plus commission. Claimant served in this capacity for the duration of her nearly nine month employment by Lemmon. Approximately two months into her assignment claimant was joined by a part-time coworker with whom commissions were shared. Dissatisfied with the arrangements for sharing commissions and what was perceived to be favoritism in the treatment of her coworker by their supervisor, claimant decided to leave her job on April 5, 1976.[2] By way of further explanation of the decision to leave work, claimant offered a letter from her doctor at the hearing before the Hearing Officer describing his treatment of claimant in March, 1976, for complaints from an ulcer condition predating her employment by Lemmon. The referee duly noted the objection to this piece of evidence as hearsay.

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b) (1).

Section 402(b) (1) provides in pertinent part:

An employe shall be ineligible for compensation for any week—

(b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

[2] The April 5, 1976 termination date as found by the referee and Board accords with the testimony given by the employer but is in conflict with an April 2, 1976 termination date given by claimant in her testimony and in her application records with the Bureau of Employment Security generated on April 4, 1976. This discrepancy is most likely explained by a difference in the date when claimant in her own mind determined to leave (April 2) and the date when officials at Lemmon were formally made aware of her decision (April 5).

Claimant makes two principal arguments on appeal. First, she asserts that the Board's second Finding of Fact[3] in its Decision and Order of May 24, 1977 is not supported by substantial evidence and is contrary to the evidence offered by claimant. Such a proposition simply cannot stand on a fair reading of the record before us. The Board's Finding is directly supported by claimant's own testimony before the referee.[4] Further support for the conclusion that claimant's decision to leave her job was motivated by her dissatisfaction with working conditions and wage arrangements is provided in the documents generated by the Bureau of Employment Security (Bureau) at the time of claimant's application for benefits.[5]

Claimant puts special emphasis on the Board's failure to find a valid medical reason for her severance, a subject not fully developed until the hearing before the Hearing Officer. When adverse impact on health is offered as a cause of necessitous and compelling nature, justifying the award of benefits following a voluntary termination, consideration must be guided by our recent decision in *Baldassano v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 457, 460, 383 A.2d 988, 989-90 (1978) where we stated:

---

[3] Which reads in its entirety:

Claimant voluntarily terminated her employment on April 5, 1976 because of dissatisfaction with working conditions. Claimant did not feel she was receiving full credit for sales she initiated, resulting in less commission.

[4] QR: Alright. That's one thing. Was there something else? Other than the worker sharing your commission and she not working?

AC: Well, that was the main thing. (Original Record p. 9a).

[5] Both the Initial Application and Claim Record, (Original Record Item No. 1) and the Summary of Interview, (*Id.* Item No. 3) indicate claimant's reasons for separation were feelings that "partiality and favoritism were shown."

A claimant seeking benefits after leaving employment for health reasons must, however, meet certain requirements. First, the employee must inform the employer of the health problems. Elshinnawy v. Unemployment Compensation Board of Review, 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974). Second, the employee must request a transfer to work which is suitable in light of the health problems. Tollari v. Unemployment Compensation Board of Review, 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973). Third, the employee must offer 'competent testimony that *at time of termination*, adequate health reasons existed to justify termination.' Deiss v. Unemployment Compensation Board of Review, 475 Pa. 547, 556, 381 A.2d 132, 136 (1977). (Emphasis in original.)

The testimony presented in the instant case is contradictory as to whether claimant made known to her employer any health problems caused or aggravated by her employment. There is no finding made on this particular point and were it determinative we might be forced to remand to the Board for the making of additional findings.[6] However, since claimant utterly fails to adduce testimony showing an attempt on her part to secure lighter duties more suited to her physical condition we must hold that claimant has failed to show cause of necessitous and compelling nature. *Tollari, supra.* For like reason we need not consider the requirement of *Deiss, supra.*

---

[6] It might be said that the Board's Finding Number 2 that the claimant voluntarily terminated her employment because of dissatisfaction with working conditions is a finding that she did not leave for health reasons. Certainly, a reading of the entire record would support such a finding.

Claimant, in her second and ostensibly main argument, seeks to make an ingenuous appeal to the Legislature's declaration of public policy found in Section 3 of the Law.[7]  While this Court is fully aware of the Legislature's intent to relieve persons from the ravages of unemployment where such idling results from external factors we will not allow such relief where the termination is voluntary and the claimant, as here, fails to carry her burden to convince the Bureau, the referee, or the Board, that she had a cause of necessitous and compelling nature.  The facts of this case fall squarely within the prohibition of Section 402(b)(1) of the Law.

Accordingly, we will enter the following

### ORDER

AND Now, October 6, 1978, the order of the Unemployment Compensation Board of Review, Decision No. B-139414-B, dated May 24, 1977, is hereby affirmed.

---

[7] 43 P.S. §752.