Martha Anthony, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 8, 1980, before Judges Rogers, Blatt and Williams, Jr., sitting as a panel of three.

*William Taggart*, with him *Edward Myers* and *Charles Fensel*, for petitioner.

*Steven Marcuse*, with him *James Bradley*, Assistant Attorneys General, *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondent.

Opinion by Judge Rogers, June 16, 1980:

Martha Anthony has appealed from an order of the Unemployment Compensation Board of Review (Board) denying Ms. Anthony unemployment compensation because she voluntarily left work without cause of a necessitous and compelling nature. Section 402 (b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

Ms. Anthony was employed for two and one-half years as a part-time dishwasher at the Erie Shrine Club. Throughout her employment she was unable to please her immediate supervisor and there were clashes. On January 25, 1978, Ms. Anthony voluntarily left work. She applied for unemployment compensation benefits, claiming that she left work for reasons of health and she was found to be eligible for compensation by the Office of Employment Security. Her employer appealed.

Ms. Anthony testified that her doctor advised her to leave work because the pressures of her job, including her clashes with her supervisor, were aggravating a nervous condition. A doctor's certificate was introduced in substantiation of the claim. She also testified that she told her employer of her health problems and requested other work more suitable to her condition. However, the employer's representative testified that Ms. Anthony did not say at the time of her leaving that she was leaving for health reasons or, indeed, that she had a problem with her health. The employer's witness also denied that Ms. Anthony requested other work.

The referee made detailed findings of fact, to the effect that Ms. Anthony left work due to her differences with her supervisor and not for health and concluded that Ms. Anthony was disqualified as a voluntary quit. The Board of Review affirmed. The findings were:

1. Claimant was last employed as a dishwasher by the Shrine Club at a final rate of $2.65 per hour, and her last day at work was January 25, 1978.

2. Claimant voluntarily terminated her employment due to a personality conflict with her supervisor.

3.  Claimant was not laid off or discharged and continuing work was available had she desired to remain employed.

The only mention by the Board of Review of Ms. Anthony's claim that she left work for health reasons appears under Discussion in the Board's opinion: "Although the claimant alleges that she quit her job due to health reasons, the Board believes that the reason she quit was a personality conflict with her supervisor."

Ms. Anthony contends that, because she testified that she quit work for reasons of health, the Board of Review erred in failing to make specific findings on this issue. She says that the Board was required to find whether or not she met the requirements for a valid health problem excuse for terminating employment. These requirements are that the claimant (1) must inform her employer of her health problem, (2) must request other work suitable in light of her condition, and (3) must present competent evidence that at the time of termination, adequate health reasons existed to justify termination. *Baldassano v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 457, 460, 383 A.2d 988, 989-90 (1978). We believe that the Board's finding of fact Number 2 that Ms. Anthony left work due to a personality conflict and the comment under Discussion to the effect that she did not leave work for health reasons, fully discharged the Board's duties in the circumstances. The findings are clearly supported by the testimony of the employer's representative. *Knoposki v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 62, 66 n. 6, 391 A.2d 1137, 1139 n. 6 (1978).

Ms. Anthony also contends that the Board capriciously disregarded her doctor's statement by certificate that he advised her to quit. The fact that the certificate is not mentioned in the decision below does not mean that it was not considered. The trouble with the

certificate is that it does not prove that the claimant told her employer that she was ill or that she asked for other work, both of which the employer's witness denied happening. *See Weinrich v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 186, 382 A.2d 1303 (1978). There being conflicting evidence concerning whether or not Ms. Anthony mentioned her health problem or requested other work, these matters were for the Board to resolve (*Stewart v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 279, 402 A.2d 302 (1975)), and it did this by Finding of Fact No. 2.

Accordingly, we must enter the following:

ORDER

AND NOW, this 16th day of June, 1980, the order of the Unemployment Compensation Board of Review determining Martha Anthony to be ineligible for unemployment compensation benefits is affirmed.