David A. RAHAM, Appellant,

v.

REVIEW BOARD OF the INDIANA EM-
PLOYMENT SECURITY DIVISION
and Ford Aerospace and Communica-
tions, Appellee.

No. 2–280A52.

Court of Appeals of Indiana,
Fourth District.

June 17, 1980.

Gary E. Smith, Smith & Smith, Conners-
ville, for appellant.

Theodore L. Sendak, Atty. Gen., Michael
Gene Worden, Asst. Atty. Gen., Indianapo-
lis, for appellee.

MILLER, Presiding Judge.

This case involves an appeal from a deci-
sion of the appellee Review Board of the
Indiana Employment Security Division de-
nying unemployment compensation under
the Employment Security Act.[1] The Re-
view Board had adopted the findings of the
appeals referee and his conclusion "the
claimant was not involuntarily unemployed
due to a physical disability[2] within the
meaning of the Indiana Employment Secur-
ity Act."

We reverse and remand for further find-
ings of fact.

The Review Board determined claimant-
appellant David Raham worked for Ford
Aerospace and Communications (Employer)
as a maintenance supervisor from Novem-
ber, 1967 until April 4, 1979, and that he
terminated such employment for what were
alleged to be medical reasons. Evidence of
such physical disability was presented at a
subsequent hearing, which the employer did
not attend, to determine whether Raham

1. Ind. Code 22–4–1–1 et seq.

2. See IC 22–4–15–1(2), which provides: "An
individual whose unemployment is the result of
medically substantiated disability and who is

involuntarily unemployed after having made
reasonable efforts to maintain the employment
relationship shall not be subject to disqualifica-
tion under this section for such separation."

was entitled to unemployment benefits. The appeals referee concluded, however, that Raham was not entitled to benefits because "prior to terminating his employment, the claimant did not present a medical statement to the employer indicating a medical recommendation to sever the employment relationship."[3] In arriving at his findings and conclusions the referee purported to rely on IC 22–4–15–1(2), which provides:

"An individual whose unemployment is the result of medically substantiated physical disability and who is involuntarily unemployed after having made reasonable efforts to maintain the employment relationship shall not be subject to disqualification under this section for such separation."

■ The Employer and Review Board maintain this statute requires a claimant to medically substantiate his disability to his employer prior to termination, while Raham argues such substantiation need only be made in a subsequent hearing on determination of eligibility for benefits. We believe the substantiation of disability required by the statute must be made to the employer, since the statute compels the claimant to make "reasonable efforts to maintain the employment relationship," a requirement which presupposes the employer will be aware of the existence of a medical problem and of the physical limitations arising from such disability. Only then may the parties determine, for example, whether the employee may be transferred to work which is more suitable in light of his particular health problem. We note

other jurisdictions have recognized the importance of such factors. *See, e. g., Konopski v. Commonwealth Unemployment Compensation Board of Review,* (1978) 38 Pa. Cmwlth. 62, 391 A.2d 1137, where the Pennsylvania court held before an employee could obtain benefits after leaving for health reasons he must (1) inform the employer of the health problem, (2) request a transfer to work which was suitable in light of his health problem, and (3) offer competent testimony that at the time of termination adequate health reasons existed to justify termination.

■ In the instant case, however, no findings were made on the manner in which the Employer was informed of the claimant's health problem, whether there was medical substantiation of such problem to the Employer, and how, if at all, the claimant made "reasonable efforts to maintain the employment relationship" as specified by the Statute.[4] It is the province of the fact-finder to make such determination. Thus, although there was evidence the claimant had discussed his medical problems with his employer and supplied doctor's certificates regarding the same, there were no findings by the appeals referee on these pertinent issues; we accordingly remand this action.

■ The sole finding of fact in this case, outside of determining the dates of Raham's employment, was that the claimant "did not present a medical statement to the employer indicating a medical recommendation to sever the employment relationship."

3. The decision of the appeals referee stated:
"The evidence of record reveals the claimant worked for this employer for the period November 1967, until April 4, 1979, as a maintenance supervisor. According to the claimant, he terminated his employment due to medical problems.
"Under Chapter 15, Section 1(2) of the Act, 'An individual whose unemployment is the result of medically substantiated physical disability and who is involuntarily unemployed after having made reasonable efforts to maintain the employment relationship shall not be subject to disqualification under this section for such separation.' In this case, the Referee finds that prior to terminating his employment, the claim-

ant did not present a medical statement to the employer indicating a medical recommendation to sever the employment relationship. The Referee, therefore, concludes the claimant did not comply with the modification provisions of Chapter 15, Section 1(2) of the Act. It is, therefore, held the claimant was not involuntarily unemployed due to a physical disability within the meaning of the Indiana Employment Security Act."

4. We believe there is ample evidence in the record for the hearing officer to make such complete findings and resolve these questions in the proper manner.

A medical recommendation substantiating a health problem may appropriately state whether a claimant is able to continue his present position or it may suggest what types of employment the claimant can perform. But we see no reason to require a recommendation that the "employment relationship" should be *severed*. The statute contains no such requirement. The language of IC 22–4–15–1(2) seeks to maintain employment whenever possible by requiring the claimant to make "reasonable efforts" to continue working for his employer. We do not believe the statutory purpose would be effectuated by requiring, by contrast, a medical recommendation that the same relationship should be ended. Appellees present no cogent argument to the contrary.

We accordingly reverse and remand this action for further proceedings consistent with this opinion.

CHIPMAN and YOUNG, JJ., concur.