Dolores Farley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 19, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Daniel M. Berger, Berger, Kapetan, Malakoff & Myers,* for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE MENCER, February 6, 1981:

This is an appeal by Dolores Farley (claimant) from a decision of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), on the ground that claimant had voluntarily terminated her employment without cause of a necessitous and compelling nature.

Claimant had been employed as a nurse's aide for three years by Magee Women's Hospital (Magee). In May 1976, claimant received a six-month, nonrenewable leave of absence for pregnancy. Claimant's leave was thus subject to expire on November 20, 1976, approximately two months after she gave birth to her baby. Claimant, however, had an emergency appendectomy performed in October 1976 at Magee and felt unable to return to employment when her leave expired. Since Magee has a policy of terminating employees who are unable, for any reason, to return to work at the end of their leaves of absence, it requested a letter of resignation from claimant in November 1976. She complied, ostensibly to remain in good standing for future employment.

According to claimant's testimony, her recuperation period from the appendectomy extended into January 1977. Unfortunately, claimant suffered injuries in an automobile accident on January 8, 1977, requiring further hospital care in February and April 1977. When she reapplied for her position in the spring of 1977, claimant was then informed that no work was available. The Board denied claimant's application for benefits, and this appeal followed.

Since claimant was free to return to her position with Magee at the end of her leave of absence, we must initially agree with the Board that claimant voluntarily left her employment. The issue thus becomes whether claimant had a necessitous and compelling reason to terminate her employment when her leave of absence expired.

Clearly, illness may constitute a necessitous and compelling reason to terminate employment within the meaning of Section 402(b)(1). In a case of this type, however, the employee must meet certain requirements in order to sustain his burden of proof. The employee must first show that he informed the employer of his health problems and requested a transfer to lighter work. *Konopski v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 62, 391 A.2d 1137 (1978). Furthermore, the employee must offer some medical evidence to show that, at the time of termination, a health problem justified the decision to leave work. *Rinehart v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 15, 389 A.2d 243 (1978).

In the instant case, Magee concedes that it was informed of claimant's appendicitis attack and, in fact, treated her for it in October. Claimant's leave of absence, however, did not expire until November 20, 1976; claimant must thus establish that she had a health problem that justified her failure to return to work on that date. The only evidence we find in the record is claimant's statement, unsupported by any medical record or report, that her treating physician told her in October to "take it easy."[1] Therefore, we

---

[1] The only medical report contained in the record is one that was completed by the physician who treated claimant during her pregnancy and therefore inapplicable to the time period in question.

cannot say that the referee capriciously disregarded competent evidence in denying claimant's application for benefits. *See Baird v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 118, 372 A.2d 1254 (1977).

Accordingly, we enter the following

ORDER

AND Now, this 6th day of February, 1981, the order of the Unemployment Compensation Board of Review, dated April 4, 1978, denying benefits to Dolores Farley, is affirmed.

AMENDED ORDER

AND Now, this 26th day of February, 1981, the order filed February 6, 1981, in the above captioned case, is hereby amended to read as follows:

AND Now, this 6th day of February, 1981, the order of the Unemployment Compensation Board of Review, dated August 27, 1979, denying benefits to Dolores Farley, is affirmed.