Tyler Ann Ward, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*John L. Walder,* with him *Joseph P. Green,* for petitioner.

*Richard Lengler,* Associate Counsel, with him *James K. Bradley,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, March 3, 1982:

The claimant in this unemployment compensation case appeals from an order of the Board of Review affirming a referee's decision that she was ineligible for benefits because she left her work without cause of a necessitous and compelling nature. We affirm.

The claimant was employed as a "secretary/office manager." On her last day of work, a dispute arose between one of the persons she was charged with supervising and an employee supervised by the warehouse foreman concerning the playing of a radio. After attempting to settle the dispute alone and then with the warehouse foreman who, as the referee found, promised to take corrective action, the claimant took the matter to her employer. The claimant testified that her employer responded to her request for help by telling her to, "handle it or leave." It is unquestioned that the claimant left her work after talking with her employer. The employer denied telling the claimant to "handle it or leave" or anything similar and the referee found the facts to be as the employer testified.

The claimant first complains that the compensation authorities capriciously disregarded competent evidence in finding the facts to be as the employer testified rather than as she recounted them, because her version is supported by a Summary of Interview written by an Office of Employment Security clerk after a telephone conversation with the employer. The fact that the Summary of Interview is not mentioned in the decision or findings of fact of the referee does not require the conclusion that the referee ignored or disregarded it. *See Anthony v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 197, 415 A.2d 933 (1980). It is not capricious disregard of evidence on the part of a fact finder to choose to accept testimony describing an incident and to reject evidence to the contrary. *Slayton v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 120, 427 A.2d 322 (1981).

Moreover, we question whether the direction to an employee to perform a duty of her employment or leave the job, standing alone as it does here, provides compelling and necessitous cause for quitting.

The claimant also says that there is no evidence in the record to support the referee's finding that the claimant left her work before corrective action could be taken. We disagree. An employer's witness testified that the warehouse foreman on the day of the incident in fact took corrective action concerning the offending radio as he promised the claimant he would.

ORDER

AND Now, this 3rd day of March, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.