Cheryl Wigfield, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs in Special Session to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Harry S. Geller,* for petitioner.

*Charles G. Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, September 2, 1982:

Cheryl Wigfield seeks review of a decision of the unemployment compensation authorities that she is ineligible for unemployment compensation benefits for having voluntarily terminated her employment without cause of a compelling and necessitous nature within the meaning of Section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802(b)(1).

Before she left her job, the claimant had been employed for approximately four months by the Waynesboro Knitting Mills as an ironer. In October, 1980, the claimant underwent surgery and was thereafter absent

from work for about one month. On her return, she was reassigned to her position as an ironer for one week and then was transferred to a position involving the operation of a machine which accomplished the automatic hemming of garments.

The claimant experienced a number of difficulties in her new position which ultimately led her to quit. At a hearing conducted by an unemployment compensation referee she testified that her decision to leave her job was motivated by three circumstances: low back pain resulting from the rigors associated with the operation of the automatic hemming machine, anxiety occasioned by the comments and other behavior of her co-workers who, evidently, were dissatisfied with the rate of the claimant's performance of her new duties, and, finally, concern for her personal safety on account of the requirement that she perform her management of the machine while standing on a small wooden box.

Ms. Wigfield concedes that she left her position voluntarily and was not fired. Therefore, it was her burden to prove cause of a compelling and necessitous nature for the decision to quit. *Farley v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 502, 424 A.2d 1028 (1981). Where, as in this case, a claimant bases her assertion of compelling and necessitous cause for quitting on the adverse health effects of the duties of her former job position, she must establish (1) the existence of adequate health reasons justifying the decision, (2) *that the employer has been informed of the health problems,* and (3) that she has made a specific request to the employer for a more suitable job assignment. *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977); *Farley; McQuiston v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 250, 390 A.2d 317 (1978).

The unemployment compensation referee, affirmed by the Board, here found that the claimant had not informed her employer of the health difficulties which, she says, caused her to leave her job. We have carefully examined the record and, in our judgment, this factual determination is not in capricious disregard of any of the evidence contained therein. With respect to the claimant's asserted back problem and asserted safety concerns she expressly conceded that she had never mentioned this difficulty or this concern to her employer. With respect to the anxiety caused by the comments of her co-workers, the only testimony is that of the claimant's supervisor who testified only that she had told him once or twice that her new job was "getting on her nerves." We cannot disagree with the determination of the fact finder that such a statement is insufficient to inform the employer of a medical necessity to alter job conditions.

Order affirmed.

## ORDER

AND Now, this 2nd day of September, 1982, the order of the Unemployment Compensation Board of Review is affirmed.