Karen A. Hilfiger, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 15, 1982, to Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*William A. Hebe, Spencer, Gleason & Hebe,* for petitioner.

*James Norris,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, October 26, 1982:

The claimant[1] in this unemployment compensation case has appealed a decision of the Unemployment Compensation Board of Review that she was ineligible for benefits because she had voluntarily left her work without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802(b)(1). We affirm.

The claimant worked for about seven and one-half months as an executive secretary of a public solid waste enterprise. Her last day of actual work was September 9, 1980; she went on sick leave on September 10 until September 23, 1980. On the latter date she asked her employer to lay her off but the employer refused. The claimant in explanation of her absence from September 10 until September 23, 1980 submitted a doctor's report to the effect that the claimant was treated for anxiety with physical symptoms and suggesting that the claimant refrain from working until September 22, 1980. The claimant did not ask for a medical leave of absence. On September 24, 1980, the claimant's husband called the employer by telephone and informed it that the claimant was terminating her employment for medical reasons.

Since the claimant concedes that she left her work voluntarily, she had the burden of persuading the Board of Review that she left her employment for a necessitous and compelling reason. Ill health related to the employment may constitute a necessitous and compelling reason to leave. *Farley v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 502, 504, 424 A.2d 1028, 1029 (1981). Where, however, this cause is advanced, the claimant

---

[1] Karen A. Hilfiger.

must show (1) the existence of adequate health reasons relating to the employment justifying the quit, (2) that he or she informed the employer of the problems, and (3) that he or she asked the employer for a more suitable position in light of the health problems. *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977). The claimant here before quitting failed either to inform her employer that the work was affecting her health or ask for other work.

At the referee's hearing conducted some weeks after her quit the claimant submitted a note from her doctor stating that she had in fact left her work because it was causing her undue stress. The employer countered that if it had known this it would have provided work with less stress.

Order affirmed.

## Order

And Now, this 26th day of October, 1982, the order of the Unemployment Compensation Board of Review, dated December 31, 1980, denying benefits to Karen A. Hilfiger, is affirmed.