Mary I. MacDonald, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued January 9, 1975, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Mary I. MacDonald,* appellant, for herself.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 4, 1975:

Mary I. MacDonald (appellant) was employed as a temporary secretary by Manpower, an employment agency, from sometime in 1969 until September 1973. During this period appellant, at Manpower's direction, worked at temporary assignments with Westinghouse Electric Corporation (Westinghouse). She became unemployed because the position she was holding was filled by a Westinghouse employee.

On November 2, 1973, appellant received in the mail a note from Manpower, dated October 31, 1973, requesting her to perform services at Westinghouse for a four-week period commencing November 5, 1973. On the same day she received an additional note, also dated October 31, 1973, from a Mr. Scorgie, a Westinghouse official, expressing the gratitude of himself and his fellow workers for appellant's former services. The note also expressed surprise at the fact that appellant had not received further assignments at Westinghouse since her release. After reading both letters, appellant mistakenly accepted Mr. Scorgie's letter as an authoritative rejection of the Manpower assignment, and she therefore failed to appear on the requested date.

On November 13, 1973, the Bureau of Employment Security denied appellant benefits for the week ending November 10, 1973,[1] pursuant to Sections 401 (d) and 402 (a) of the Unemployment Compensation Act, Act of December 5, 1936, Second Ex. Sess., P. L. [1937] 2897, *as amended,* 43 P.S. §§801 (d), 802 (a). Upon appeal and

---

1. This appeal only involves appellant's eligibility for benefits for that one week.

after a hearing, referee modified the Bureau's determination and on December 11, 1973, pursuant to Section 401 (d), ruled the appellant ineligible for benefits for the week ending November 10, 1973.[2] The referee rejected the Bureau's 402 (a) determination on the grounds that the employer had not complied with the requirements of the Department's Regulation 307.[3] The Unemployment Compensation Board of Review affirmed the referee's decision and this appeal followed. We affirm.

Our scope of review in unemployment compensation cases is confined to questions of law and, absent fraud, to a determination as to whether the Board's findings (in this case, the referee's findings adopted by the Board) are supported by the evidence. Questions of credibility and the weight to be given evidence are for the Board. *Shira v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973). In the case before us we find that the referee and the Board have both erred as to questions of law. However, we do find that the referee and the Board have reached the correct result for incorrect reasons.

Section 402 (a) of the Unemployment Compensation Law provides: "An employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer, irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That such employer notifies the employment office of such offer within three (3) days after the making thereof."

---

2. Because of our decision, we need not discuss the referee's opinion concerning Section 401 (d). Suffice it to say that the referee and the Board seem to have interchanged the statutory provisions of Section 401 (d) with those of Section 402 (a).

3. 34 Pa. Code §§65.21, 65.22.

The words "good cause" found in this section have been interpreted to be synonymous with "good faith." *See Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 49 A. 2d 260 (1946).

A close reading of the record reveals that appellant failed without good cause to respond to Manpower's offer of employment. While it is possible that appellant, as she alleges, was misled by the ambiguous letter from Westinghouse, the fact remains that *Manpower, not Westinghouse,* was appellant's employer and that appellant owed a statutory duty "to accept suitable work when offered . . . *by any employer."* (Emphasis added.) The record clearly indicates that appellant would not accept work from her former employer, Manpower. We have before us a clear offer of employment from an employer and a clear rejection of that offer. Though appellant may have been misled by having received a second allegedly conflicting letter on the same day as her job offer, it is clear that any conflict was caused by the ambiguity of the letter from Westinghouse, who was not the prospective employer, and that a simple call to the offeror, Manpower, could have quickly remedied the ambiguity. Unfortunately for appellant, her reasons for refusing the offer are not a sufficient "good cause" for her rejection of Manpower's offer.

It is a sound principal of law that "[a]lthough the principal objective of unemployment legislation is to alleviate economic distress in individual cases, sound policy requires that a claimant who refuses employment may remain eligible for benefits only where there is some necessitous and compelling reasons [*sic*] for the refusal of work. Trabold Unemployment Compensation Case, 191 Pa. Superior Ct. 485, 159 A. 2d 272. A claimant who seeks benefits must at all times be ready and willing to accept suitable employment, and must have substantial and reasonable grounds for refusing offered work. Bentz Unemployment Compensation Case, 190 Pa. Superior Ct.

582, 155 A. 2d 461." *Sparano Unemployment Compensation Case,* 193 Pa. Superior Ct. 349, 351, 165 A.2d 131, 132 (1960).

Nowhere in the record before us are there presented any necessitous and compelling reasons for a refusal to accept this job offer. A reading of the record also reveals that the referee's refusal to withhold benefits on the basis of Regulation 307 is premised on his mistaken interpretation of the law. Undoubtedly, this resulted because he did not have the benefit of our recent decision in *General Motors Corporation v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 537, 322 A. 2d 762 (1974). In that case, pertaining to an appeal from a ruling of the Board granting benefits to a claimant who had rejected a job offer, Judge CRUMLISH, JR., writing in support of a reversal, stated:

"As the last subsection to this regulation suggests, after it had determined that Harvey refused an offer of suitable employment, the Board was without authority, absent a showing of prejudice, to grant compensation merely because the form of the notice of an offer of work by a claimant's prior employer was defective. Porter Unemployment Compensation Case, 197 Pa. Superior Ct. 337, 178 A. 2d 788 (1962) ; Baigis Unemployment Compensation Case, 160 Pa. Superior Ct. 379, 51 A. 2d 518 (1974). As Judge RENO, writing for the Court in Baigis (where the employer's notice of an offer of employment failed to list the terms of employment required by a predecessor regulation) explained:

" 'The most liberal interpretation and humane administration of the law will not sanction this result. The "good cause" assigned by the claimant having been found insubstantial and inadequate, no obligation rested upon the board to defeat appellant's contention by adjudicating the insufficiency of the offer. By so doing the board rejected a contention which it recognized as meritorious and valid in favor of a mere technical objection

of its own invention and founded upon its rigid interpretation of its own rule. If there is anything in the Unemployment Compensation Law that is indisputably clear, it is that its benefits and objectives shall not be frittered away by slavish adherence to technical and artificial rules. Id. §505, 43 P.S. §825. It requires no argument to show that the adjudication and defeat of a meritorious case upon a harmless procedural flaw of which no complaint has been made and which had no effect upon the merits of the cause is a disposition of it upon a sheer hypertechnicality. As a valid claim of an employe will not be rejected upon that basis, so a base-year employer's legally legitimate efforts to reduce his contributions under the merit-rating system shall not be thwarted in that manner.

" 'The prime objective of the statute is to alleviate the rigors of unemployment. The merit-rating provisions are inducements to employers to offer work to the unemployed and to that extent reduce the number of unemployed persons. Sturdevant Unemployment Compensation Case, 158 Pa. Superior Ct. 548, 45 A. 2d 898. They will not be encouraged to do so if their bona fide offers are narrowly scrutinized and arbitrarily rejected because they do not punctiliously square with the inflexible requirements of a mere administrative rule. Capricious exaction of literal compliance with the rule of an administrative agency where its violation bears no rational relation to the merits of a controversy is bureaucratic government at its worst. No one will expect this court, always vigilant lest justice be denied by allowing hollow form to govern solid substance and constantly lenient in the application of its own procedural rules, to approve exaltation of departmental regulations above the substantive merits of a case.' 160 Pa. Superior Ct. at 383, 51 A. 2d at 521." 14 Pa. Commonwealth Ct. at 541-542, 322 A. 2d at 764-65.

The record here sets forth facts necessary to invoke this holding of *General Motors*.

During the hearing, a Mrs. Mary Craig, a Bureau representative, was called and testified concerning the employer's offer of work. Mrs. Craig stated that the offer of work did not meet all of the requirements of Bureau Regulation 307. On December 11, 1973, in accordance with this testimony, the referee found in his findings of fact No. 4 that "[t]he employer did not notify the Bureau of the offer of employment in accordance with Bureau Regulation 307." The referee concluded that "[s]ince the employer did not comply with the requirements of Regulation 307, the referee finds that there can be no disqualification under the provisions of Section 402(a) of the Law."

Clearly then, the referee and the Board were mistaken as to the law to be applied to the facts before them. However, an examination of the record reveals that their findings of fact do support a disqualification under Section 402(a).

We therefore must affirm the decision of the Board.

## ORDER

Now, this 4th day of March, 1975, the order of the Unemployment Compensation Board of Review as to the claim of Mary I. MacDonald is affirmed.