Nancy M. Barillaro, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Nancy Fotia, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1978, before Judges Wilkinson, Jr., Mencer and Blatt, sitting as a panel of three.

*Paul W. Johnson,* for petitioners.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, June 26, 1978:

These appeals were taken individually by Nancy Fotia and Nancy M. Barillaro (claimants) and were consolidated for argument before this Court since both cases involve the same issues.

The referee decided that claimants were ineligible, under Section 402(a) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (a),[1] to receive unemployment compensation benefits

---

[1] Section 402(a) of the Act provides:

An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer, irrespective of whether

because they refused offers of suitable work without good cause. The Unemployment Compensation Board of Review (Board) affirmed, and claimants appeal to this Court.

Both claimants had been employed in the inspection and trimming department at Elwood Knitting Mills (Elwood) at salaries of $2.80 per hour. Both had worked at Elwood for approximately 16 years. Barillaro was laid off in September 1975 and Fotia on November 7, 1975. On March 20, 1976, claimants were informed that they could return to work at Elwood as knitting machine operators at $2.30 per hour. Neither accepted the offer. The referee concluded, and the Board agreed, that the reasons given by the claimants for their refusals did not constitute "good cause" within the meaning of the Act. We affirm.

Claimants argue that their refusal to accept the offered work was with good cause for the following reasons: (1) The offered work would have involved a loss of seniority and a 17.8-percent reduction in pay; (2) each claimant questioned her ability to perform the offered work, *i.e.,* Fotia claimed that she was unfamiliar with the machine and Barillaro claimed that she was "too short" to operate the machine; and (3) Elwood allegedly agreed, in a collective bargaining agreement provision and by direct suggestion at the time the work was offered to claimants, that claimants could refuse the offers without jeopardizing their unemployment benefits.

In *Unemployment Compensation Board of Review v. Lowell,* 24 Pa. Commonwealth Ct. 309, 314, 355 A.2d 616, 619 (1976), this Court said:

---

or not such work is in 'employment' as defined in this act: Provided, That such employer notifies the employment office of such offer within seven (7) days after the making thereof. . . .

> 'Good cause' for refusing suitable work must be 'real not imaginary, substantial not trifling, reasonable not whimsical.' Barclay White Co. v. Unemployment Compensation Board of Review, 356 Pa. 43, 48, 50 A.2d 336, 340 (1947), and a claimant's reasons must be of the magnitude that compels his or her decision to refuse the offer. Barclay White Co., supra.

In addition, in *Lattanzio v. Unemployment Compensation Board of Review*, 461 Pa. 392, 398, 336 A.2d 595, 598 (1975), the Supreme Court, quoting from the opinion in *Bentz Unemployment Compensation Case*, 190 Pa. Superior Ct. 582, 155 A.2d 461 (1959), said:

> 'Good cause for refusing a referral rests on good faith, and good faith, as used in this context, includes positive conduct on the part of the claimant which is consistent with a genuine desire to work and to be self-supporting. Brilhart Unemployment Compensation Case, 159 Pa. Superior Ct. 567, 569, 49 A.2d 260.'

The reduction in pay was not sufficiently compelling to constitute good cause. This Court has held that a claimant's particularity for desired employment must decrease, as his length of unemployment increases, to the point of accepting substantially less remuneration. *Liebrum v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 401, 379 A.2d 664 (1977). *See Donnelly v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 39, 330 A.2d 544 (1975); *Raiskin Unemployment Compensation Case*, 186 Pa. Superior Ct. 37, 140 A.2d 467 (1958) (cases in which good cause was lacking where facts demonstrated greater disparity in pay and shorter periods of unemployment than exist here).

With regard to loss of seniority, the record reveals that claimants would have retained partial seniority

rights within the plant, had they accepted the proffered position. Therefore, it would have been more advantageous to accept this work than other suitable work with another employer which the law would require be accepted regardless of the lack of seniority.

Fotia was not justified in refusing the offer because she was unfamiliar with the operation of the machine, nor was Barillaro justified because she thought she was "too short."

As to Fotia, it has been held that to refuse an offer which is reasonably similar to former work, without a trial, is indicative of a lack of good faith. *Bicer v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 519, 377 A.2d 828 (1977). This is especially so where the employer offered to train the claimant as Elwood did in this case. *See Unemployment Compensation Board of Review v. Kozinsky,* 18 Pa. Commonwealth Ct. 286, 335 A.2d 843 (1975).

Likewise, with regard to Barillaro, she had no actual experience with the machine and offered no evidence, medical or otherwise, to support her claim that she may be unable to perform the proffered work. To refuse the work without a trial, under the above circumstances, is also indicative of a lack of good faith. *Kozinsky, supra.*

The arguments that claimants' right to refuse was protected under the terms of a collective bargaining agreement and that Elwood's representative assured claimants that refusal would not jeopardize their right to unemployment benefits are without merit. This is so in view of the principle enunciated in *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 152, 141 A.2d 410, 416 (1958), cited with approval by the Supreme Court in *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 153 A.2d 906 (1959), that "[t]he employer and the employe cannot deter-

mine by agreement that an employe shall receive unemployment benefits, when under the facts and the law he is not entitled to such payments."

Therefore, whether or not the labor agreement protects claimant's right to refuse is not determinative of eligibility under the Act, and the mere reliance upon those provisions and communicated assurances is insufficient to support a good-cause refusal of suitable work.

Finally, claimants argue that they should not be found ineligible under Section 402(a) because Elwood failed to notify the Bureau of Employment Security (Bureau) of the work offers within seven days, as required by Section 402(a).

Claimants were offered work by telephone on March 20, 1976 which was to begin on March 22. Elwood sent notice to the Bureau by letter dated March 29, 1976 and received by the Bureau on March 30. The seventh and final day for notification fell on Saturday and, therefore, in accordance with the Statutory Construction Act of 1972, 1 Pa. C.S. §1908,[2] Elwood had until Monday, March 29, to notify the Bureau. However, the Bureau did not receive notification until March 30.[3] Under a strict interpretation, Elwood failed to comply with the notice requirement.

---

[2] Section 1908 provides:

When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

[3] The record contains no evidence showing when the letter was mailed and postmarked.

On the basis of these facts, we cannot declare claimants to be eligible and grant them benefits merely as a result of rigid application of technical standards where, otherwise, said claimants are clearly ineligible. To do so would be inconsistent with the fundamental purpose and intent of the Act, which is to provide a semblance of economic security to those who are unemployed through no fault of their own. *Cf. General Motors Corp., Fisher Body Division v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 537, 322 A.2d 762 (1974); *MacDonald v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 494, 333 A.2d 199 (1975) (cases wherein this Court held that rigid interpretation of notice requirements in administrative regulations formulated by the Bureau with regard to the form of the employer's notice could not be utilized to grant benefits to one who had refused suitable work under Section 402(a)).

This result is in accord with the rule of construction as set forth in *Kowell Motor Vehicle Registration Case,* 209 Pa. Superior Ct. 386, 389-90, 228 A.2d 50, 52 (1967), quoting from *Allegheny County v. Pennsylvania Public Utility Commission,* 192 Pa. Superior Ct. 100, 159 A.2d 227 (1960), that " '[w]hen time and manner are not the essence of the thing required to be done, the statute will be regarded as directory and proceedings under it will be held valid, even though the command of the statute as to form and time has not been strictly obeyed. . . .' " *See Limekiln Golf Course, Inc. v. Zoning Board of Adjustment of Horsham Township,* 1 Pa. Commonwealth Ct. 499, 275 A.2d 896 (1971) (where it was held that a zoning board's action was not invalidated because it mailed its decision four days after the time period allowed in Section 908 of the Pennsylvania Municipalities

Planning Code[4] and that such notice provisions were directory and not mandatory).

In this case, the seven-day notice provision is intended to promote dispatch and is incidental to the primary purpose of the Act. Moreover, claimants were not prejudiced by the one-day delay.

Therefore, we must conclude that claimants failed to show that they refused offers of suitable work with good cause, and we must affirm the decisions of the Board.

ORDER

Now, this 26th day of June, 1978, the order of the Unemployment Compensation Board of Review, dated January 3, 1977, disallowing further appeal to Nancy M. Barillaro, is affirmed.

ORDER

Now, this 26th day of June, 1978, the order of the Unemployment Compensation Board of Review, dated January 3, 1977, disallowing further appeal to Nancy Fotia, is affirmed.

---

[4] Act of July 31, 1968, P.L. 805, 53 P.S. §10908.