Sherman S. Atkinson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

536

Argued April 9, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Susan J. Pearlstein,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Harvey Bartle III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, September 9, 1981:

The petitioner, Sherman S. Atkinson, challenges a decision of the Unemployment Compensation Board

of Review (Board) which denied him benefits on the grounds that his discharge from employment was due to his own willful misconduct.[1]

The petitioner, who was employed as a welder's helper by Tygart Steel Company (employer), was discharged in October of 1978 due to excessive absenteeism related to alcoholism. He was reinstated in February of 1979 pursuant to an arbitration agreement which required that he complete an alcohol rehabilitation program and which provided that he would be discharged for any subsequent absence related to alcoholism or which was not satisfactorily explained. On April 3, 1979 he was discharged because he missed work on March 30, 1979, when he was scheduled to work a 3:00 p.m. to 11:00 p.m. shift.

The petitioner's application for unemployment benefits was denied by the Bureau (now Office) of Employment Security and, after a hearing, a referee upheld that determination. The Board remanded the matter for the taking of additional evidence and then made findings of fact (1) that at about 12:00 p.m. on March 30, 1979, the petitioner's wife informed him that there had been a telephone call concerning an emergency in West Virginia, where his stepson lived, (2) that he went to West Virginia to investigate the alleged emergency, (3) that the petitioner's wife called his employer before 3:00 p.m. to report that he would miss work and (4) that the petitioner himself called his employer twice on March 30, 1979 to explain his absence. Nevertheless, the Board concluded that the petitioner had not satisfactorily explained his absence because he had not substantiated the actual existence of a family emergency in West Virginia.

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

The petitioner contends that the Board erred by capriciously disregarding competent evidence which established that his absence was justifiable due to a family emergency.

In unemployment cases, the employer has the burden of proving willful misconduct and where, as here, the employer has sustained his burden by proving that an employee with a history of absenteeism missed work despite a warning that continued unauthorized absences would be grounds for dismissal, the burden falls upon the employee to show that he had good cause for his absence. *Ramsey v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 288, 427 A.2d 1249 (1981); *Doyle v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 494, 426 A.2d 756 (1981). And, when the Board has ruled against the petitioner who had the burden of proof, our scope of review is limited to determining whether or not the Board's findings are consistent with each other and with the conclusions of law and whether or not those findings demonstrated a capricious disregard of competent evidence. *Doyle v. Unemployment Compensation Board of Review, supra; Sweigart v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979).

In the present case, the record reveals that the petitioner introduced testimony from both himself and his brother-in-law that they drove to Morgantown, West Virginia, visited three hospitals there and then went to his stepson's house, where they found him at home.[2] He also testified, however, that he did not call West Virginia before leaving his home to ascertain the nature of the alleged emergency. And

[2] The petitioner's brother-in-law testified that the petitioner said there was an emergency and that they drove "all over the place" looking for the petitioner's stepson.

even at the remand hearing, he failed to describe what, if any, emergency existed despite a specific inquiry from the Board in that regard.

Having reviewed the record before us and keeping in mind that the Board, as the sole arbiter of issues of credibility, may disregard even uncontradicted testimony or determine that the evidence presented was insufficient to fulfill the petitioner's burden of proof, *Vasquez v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 361, 426 A.2d 228 (1981); *Domanico v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 511, 409 A.2d 1201 (1980), we cannot say that the Board has capriciously disregarded competent evidence here in finding that the petitioner did not provide a satisfactory explanation for his absence.

We will therefore affirm the denial of benefits.

ORDER

AND Now, this 9th day of September, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.