Cynthia Kiger, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 29, 1984, to Judges CRAIG and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Lee D. Moses,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, March 26, 1985:

This appeal is brought by Cynthia Kiger (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying Claimant's benefits under Section 402(a) of the Unemployment Compensation Law[1] (Law). We reverse.

Claimant was employed as a bookkeeper and secretary by Michael J. Lunardini, Inc. (Employer) from June of 1979 until October 29, 1982 at which time she was laid off because of a lack of work. On November 24, 1982 the Employer offered to reinstate Claimant at her previous position at a slightly reduced rate of pay for a two-week period ending December 11, 1982. Claimant did not accept the offer. Employer did not notify the Bureau of Employment Security that Claim-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

ant had declined the proffered work until January 13, 1983.

The referee concluded that the work offered to Claimant was suitable and that Claimant did not demonstrate good cause for refusing the work. He therefore ruled that Claimant was ineligible for benefits for the two-week period during which work was available to her. Claimant appeals the referee's decision, as affirmed by the Board, on the sole ground that the Employer did not comply with the requirement of Section 402(a) that an employer notify the Bureau of Employment Security (Bureau) within seven days of the offer if the proffered work is rejected by a claimant and therefore the Board is prohibited from denying her benefits. We agree.

Section 402(a) provides:

An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment officer or by any employer, irrespective of whether or not such work is in "employment" as defined in this act: *Provided, That such employer notifies the employment office of such offer within seven (7) days after the making thereof;* however this subsection shall not cause a disqualification of a waiting week or benefits under the following circumstances: when work is offered by his employer and he is not required to accept the offer pursuant to the terms of the labor-management contract or agreement, or pursuant to an established employer plan, program or policy: Provided fur-

ther, That a claimant shall not be disqualified for refusing suitable work when he is in training approved under section 236(a)(1) of the Trade Act of 1974. (Emphasis added.) (Footnote omitted.)

43 P.S. §802(a).

In *Barillaro v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 325, 387 A.2d 1324 (1978), this Court held that the seven-day notice requirement would not be rigidly applied on the basis of the facts presented therein[2] because to so apply it "would be inconsistent with the fundamental purpose of the Act, which is to provide a semblance of economic security to those who are unemployed *through no fault of their own." Id.* at 331, 387 A.2d at 1328 (emphasis added). The *Barillaro* Court, therefore, declined to find the claimants therein eligible for benefits as a result of the employer's failure to meet the seven-day notice deadline. *Id.*

*Barillaro,* however, is distinguishable from the case at bar in that the employer in *Barillaro* notified the Bureau on the *eighth* day after making the offer of employment. In the case at bar Employer did not notify the Bureau until the *fiftieth* day after the offer of employment had been made. While we agree with the principle set forth in *Barillaro,* to apply it to the situation before us would be tantamount to removing the statutory seven-day notice requirement altogether. This we cannot do.

---

[2] The *Barillaro* Court noted that the claimants in that case had been offered work by telephone on March 20. Because March 27 fell on a Saturday, the employer had until Monday, March 29 to notify the Bureau. The employer sent notice to the Bureau by letter dated March 29 which was received on March 30. The Court further noted that no evidence was offered to indicate when the letter was mailed or postmarked. *See Barillaro,* 36 Pa. Commonwealth Ct. at 330, 387 A.2d at 1327-1328.

380

Accordingly, the order of the Board is reversed.

ORDER

AND Now, March 26, 1985, the Order of the Unemployment Compensation Board of Review, No. B-217603, dated April 29, 1983, is reversed.

Judge WILLIAMS, JR., did not participate in the decision in this case.