Elizabeth M. Mikolayczak, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1985, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Michael C. Kostelaba*, for petitioner.

*Charles G. Hasson*, Acting Deputy Chief Counsel, with him, *Susan J. Forney*, for respondent.

*John R. O'Brien*, for intervenor/respondent, Community Medical Center.

OPINION BY JUDGE PALLADINO, January 13, 1986:

This is an appeal by Elizabeth M. Mikolayczak (Claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision which denied Claimant benefits under Section 402(a) of the Unemployment Compensation Law[1] (Law) on the ground that she refused suitable work without good cause. We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a).

The facts as found by the Board[2] are as follows: Claimant was last employed as a food service worker on May 2, 1982 by Community Medical Center (Employer). At that time Claimant worked a Monday to Friday schedule. Claimant terminated her employment for medical reasons not here at issue. On January 4, 1983 Employer, by letter sent registered mail, offered to reemploy Claimant at her prior rate of pay. Employer also sent a photocopy of this letter to the local Office of Employment Security (OES). The job would have required that Claimant work alternating weekends. Claimant was asked to respond to the job offer by January 12, 1983, but she did not do so.

The Board made the following findings with respect to the reason for Claimant's refusal to accept the job offer:

7. The claimant did not accept the employment solely as a matter of personal preference in that she did not want to work Sundays as she wanted to be at home with her family.

8. The claimant had worked on Sundays when she first began her employment with Community Medical Center.

9. The claimant's religious beliefs regarding working on Sundays had not changed.

10. The claimant did not refuse the available work for religious reasons but felt that in view

[2] This case has a rather lengthy procedural history. A referee's decision was entered on February 11, 1983, denying benefits to Claimant on the basis that Claimant refused the job offer for reasons other than her religious beliefs. The Board affirmed the referee's decision on August 8, 1983. Claimant then appealed to the Commonwealth Court. Before the case was scheduled for argument, however, the matter was remanded to the Board for additional fact finding, upon stipulation of the parties. The Board heard oral argument, after which it vacated its prior decision and order and entered the decision and order here at issue.

of her seniority, she should not have to work on weekends in order to be at home with her family.

Having found that Claimant refused the job offer as a matter of personal preference, the Board concluded that she did not have good cause for the refusal and denied benefits.

Claimant appeals to this Court asserting two grounds of error: (1) Employer failed to comply with the proviso of Section 402(a) of the Law which requires that an employer notify the OES that it has made a job offer to an unemployment compensation claimant within seven days, and that failure precludes the Board from denying benefits; and (2) the Board's finding that Claimant did not refuse the job for religious reasons, but rather for reasons of personal preference, is not supported by credible evidence.

We must reject Claimant's first argument. Section 402(a) provides, in pertinent part:

An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment officer or by any employer, irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That such employer notifies the employment office of such offer within seven (7) days after the making thereof; ...

The Bureau of Employment Security has promulgated regulations, to supplement the statutory language, which provide in pertinent part:

(a) With respect to offers of suitable work made by any employer, the following rules shall apply:

(3) The offer to the employe may be in writing in which case a carbon copy or an exact duplicate shall be furnished to the employment office within seven working days after the mailing of the offer. . . .

34 Pa. Code §65.22(a)(3). In the case at bar it is undisputed that Employer sent an exact duplicate of the letter by which Claimant was offered the job to the OES within the statutory seven day period. Employer, therefore, did comply with the proviso to Section 402 (a), as supplemented by 34 Pa. Code §65.22(a)(3).

We must also reject Claimant's second argument, that the Board's findings of fact with respect to the reason Claimant refused the job offer are not supported by credible evidence. It is now axiomatic that questions of credibility, resolutions of conflicts in evidence, and the weight to be given to the evidence are matters for the Board to determine. *McDermott v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 393, 431 A.2d 1140 (1981). Claimant bears the burden of proving good cause for refusing suitable work. *Gettig v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 416, 473 A.2d 749 (1984). Where, as here, the party bearing the burden of proof does not prevail before the Board, this Court's review of the Board's factual determinations is limited to whether there has been a capricious disregard of competent evidence. *Dunkle v. Unemployment Compensation Board of Review*, 91 Pa. Commonwealth Ct. 1, 496 A.2d 880 (1985).

We have thoroughly reviewed the record and we conclude that the Board did not capriciously disregard competent evidence by finding that Claimant refused the job offer for reasons of personal preference.

While Claimant testified that she refused the job for religious reasons, considerable contradictory evidence was presented from which the Board could reasonably conclude that Claimant had reasons other than her religious beliefs for refusing the job. This evidence included Claimant's statement to the OES that she would not work Saturdays or holidays in addition to Sundays, coupled with her testimony that her religious beliefs did not preclude working on Saturdays or holidays. Evidence was also presented that Claimant had previously worked on Sundays. It is the role of the fact-finder to resolve such evidentiary conflicts and this Court will not disturb the Board's resolution.

We recognize, as we must, that the Board may not deny unemployment compensation benefits to a claimant who is unemployed because his or her religious beliefs forbid working under the conditions required by a particular job. *Thomas v. Review Board, Indiana Employment Security Division,* 450 U.S. 707 (1981). However, the Board may inquire into the sincerity of one's religious beliefs to determine whether these beliefs are in fact the reason that a claimant refused suitable work. *See Philbrook v. Ansonia Board of Education,* 757 F.2d 476 (2d Cir. 1985).[3]

After making such an inquiry in the case at bar, the Board found that Claimant's religious beliefs were not in fact the reason that she refused the job. Because the Board's findings are not in capricious disregard of competent evidence, its order is affirmed.

---

[3] The *Philbrook* Court stated:
[A]n adherent's belief would not be 'sincere' if he acts in a manner inconsistent with that belief . . . or if there is evidence that the adherent materially gains by fraudulently hiding secular interests behind a veil of religious doctrine.
757 F.2d at 482, *quoting International Society for Krishna Consciousness, Inc. v. Barber,* 650 F.2d 430, 441 (2d Cir. 1981).

## ORDER

AND Now, January 13, 1986, the order of the Unemployment Compensation Board of Review, No. B-220993-B, dated April 6, 1984, is affirmed.