Clarence Curry, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 9, 1985, before Judges ROGERS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Martha F. Lindner, Brady, Lindner & Cullen,* for petitioner.

No appearance for respondent.

*Richard E. Geschke, Jr.,* with him, *Karl A. Fritton, Sprecher, Felix, Visco, Hutchison & Young,* for intervenor, Purex Corporation.

Opinion by Judge Rogers, January 23, 1986:

Clarence Curry (claimant) appeals an order of the Unemployment Compensation Board of Review affirming a referee's denial of benefits. We affirm.

The claimant was employed by Purex Industries Inc. (Purex) as a liquid detergent case stacker from August 19, 1963 through September 30, 1984. He was laid off on August 7, 1984. In a letter dated August 10, 1984, the claimant was recalled by Purex, effective August 20, 1984, to the position of case-dumper, indexer, liquid detergent on the swing shift.

By a letter dated August 16, 1984, the claimant declined the recall for the reason that he was not qualified for such work due to a hearing problem. He did, however, indicate that he could do other work. Purex treated this letter as the claimant's resignation from its employ.

The claimant's application for unemployment compensation was denied by the Office of Employment Security (OES) under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b), which declares ineligible persons who voluntarily leave their work without cause of a necessitous and compelling reason.

The claimant appealed pro se stating as his good grounds for leaving the safety factor and additionally a reason based on his religious belief. After hearing a referee found:

4. In a letter dated August 10, 1984 the claimant was recalled to work by Purex Industries Inc., effective August 20, 1984 to the position of Case-Dumper, Indexer, Liquid Detergent on the second shift at $8.31 an hour.

5. In a letter submitted by the claimant dated August 16, 1984 the claimant declined to accept the employer's recall to work because he felt he

was not qualified to perform the job duties of the job offered due to a hearing problem, although he had not had his hearing examined by a physician for approximately three years.

6. The job duties of the position to which the claimant was recalled to work, effective August 20, 1984, were similar to the job he held prior to the industrial dispute and there were no unusual hearing requirements.

On these findings, the referee modified OES' decision by declaring that Section 402(a) of the Law, 43 P.S. §802(a) rather than Section 402(b), was the basis for the claimant's disqualification.[1] Section 402(a) provides that

An employee shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause . . . to accept suitable work when offered to him by the employment officer or by any employer . . . Provided, that such employer notifies the employment office of such offer within seven (7) days after the making thereof. . . .

On appeal the board affirmed the referee's decision. The claimant raises three issues here.

He first contends that the referee's findings are in capricious disregard of record evidence that the employment offered, if accepted would require him to act contrary to a rule of his religious sect, in that it would

---

[1] Title 34 of the Pennsylvania Code §101.87 limits the issues heard by the referee to those stated in the notice of ineligibility given to the claimant by OES but that "any issue in the case may with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby." Here the OES notice made no reference to Section 402(a). However, it appears from the record that the referee stated his intention to consider the applicability of that section and neither party objected. Further, the claimant has not raised this as an issue of the appeal.

require him to work Friday nights, his Sabbath; and that the denial by the state of his unemployment compensation would reinforce that breach and thus infringe upon the free exercise of his religious beliefs.

A person who voluntarily quits will be disqualified from receiving compensation under Section 402(b) of the Law unless he has left his work for cause of a necessitous and compelling nature. Case law which has developed under this section is to the effect that an employee who is compelled to quit for reasons of health must inform his employer of such reasons. *See Wigfield v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 534, 449 A.2d 866 (1982); *Lynn v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 178, 427 A.2d 736 (1981). The purpose of this rule is that an employer in such a case may be able to find other employment which the employee could do within his limitations. The same reasoning would apply if the employee's reason for quitting was religious; that is, the employer might have work which would not infringe on the employee's exercise of his religious beliefs.

It seems to us that this requirement, developed in cases under Section 402(b), should also apply to cases under Section 402(a)—that one who is laid off and then recalled to work incompatible with his physical condition or religious belief should be required as a condition to receiving compensation, to inform his employer of the physical or religious considerations upon which his action is based. In *Brullo v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 39, 430 A.2d 733 (1981), we held that under Section 402(a) a claimant who refuses a job referral because of transportation problems, did not seek employment in good faith, where he made no effort to contact the potential employer to discuss possible transportation arrangements.

The claimant testified that he did not tell Purex that he had religious reasons for not accepting the position offered, when the position was offered. His stated reason to Purex for not accepting the position was his hearing problem. The first time the claimant stated that his refusal of the recall was on religious grounds was October 5, 1984 when he filed his appeal to the board from the OES decision.

The claimant's second contention is that the referee's finding that there were no unusual hearing requirements associated with the position of case dumper was in capricious disregard of the evidence. Capricious disregard is the deliberate disregard of competent testimony which one of ordinary intelligence could not possibly have avoided in reaching the result. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979). At the hearing the claimant testified that the last time his hearing was checked was about three years earlier by the company doctor, that the doctor said that his hearing was getting a little worse every year, and that if the claimant's hearing got worse they were going to have to send him to a doctor to find the cause or provide a hearing aid. The claimant agreed that the doctors did not restrict him from any duties. But he and a fellow worker testified that the job offered included the duty of operating a conveyor belt by electric switch upon a voice command. On the other hand the personnel manager testified that no better hearing was required in the offered position than in the claimant's former work and that a hearing impairment would not affect his ability to perform the new work. The referee simply accepted the employer's version. Hence, his finding was not in capricious disregard of competent evidence.

The claimant finally notes that a condition to ineligibility is that the employer notify OES seven days

after making an offer of employment to an employee and that the employer did not notify OES until September 20, 1984. This issue was not raised before the board and it is therefore waived. *See* Section 703(a) of the Administrative Agency Law, 2 Pa. C. S. §703(a). Furthermore, the claimant did not apply for compensation until September 16, 1984 and the employer notified OES of the offer the next day. The clause depended on by the claimant does not, as the claimant suggests, require employers to notify OES of every job offer made to a former employee within seven days on pain of the offeree's receiving compensation indefinitely into the future; it says that the employee will be ineligible for compensation for *any week* in which he refuses a suitable offer provided the employer has notified OES within seven days of the offer. The purpose of the proviso is to regularize the employee's receipt of compensation paid by the compensation authorities without notice of the disqualifying circumstances of refusal of an offer; it is not to give the employee a windfall of compensation by reason of the employer's failure to notify OES of a rejected offer.

Order affirmed.

### ORDER

AND Now, this 23rd day of January, 1986, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.