546 A.2d 706

Laura M. Teitell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 23, 1988, to Judges DOYLE and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Richard K. Teitell,* for petitioner.

*Patricia Krise Bilzi,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, August 5, 1988:

Laura M. Teitell, (claimant) appeals from an order of the Unemployment Compensation Board of Review which affirmed a decision of a referee that claimant had been ineligible for unemployment compensation benefits under Section 402(b)(1) of the Unemployment Compensation Law[1] (Law), 43 P.S. §802(b)(1) (voluntary termination without necessitous and compelling reason) at the time she applied for those benefits. Claimant also was assessed a fault overpayment.

Claimant was last employed by the Fox Chase Cancer Clinic (Fox) as Chief Occupational Therapist in the Rehabilitation Medicine Department. Her last day of work for Fox was August 1, 1986. She was aware that Moss Rehabilitation Center (Moss) would be assuming the responsibility for supplying all occupational and physical therapy services at Fox, effective August 4, 1986. Claimant was offered employment with Moss effective August 4, 1986 as an occupational therapist at the rate of $26,500.00 a year, the same salary she had

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

been paid prior to her last day of work for Fox, but with an altered medical benefits coverage plan. She declined to accept Moss's offer in order to pursue employment elsewhere as an independent contractor and because she was dissatisfied with the medical benefits coverage offered by Moss.

Claimant applied for benefits with the Office of Employment Security (OES) on August 3, 1986. She was thereafter granted benefits for the benefit weeks ending August 16, 1986 through October 4, 1986. Claimant failed to properly inform the OES at the time she filed her application for these benefits of the offer that had been made to her by Moss. On November 19, 1986, the OES determined that claimant had been ineligible for benefits based on its determination that she had voluntarily terminated her employment without necessitous and compelling reasons; she was assessed a fault overpayment. OES found that claimant had received benefits to which she was not entitled as a result of her failure to properly inform the OES at the time she filed her application for benefits that she had been offered employment with Moss.

Claimant filed a timely appeal from these determinations. After holding a hearing on January 5, 1987, the referee, on January 8, 1987, affirmed the OES determinations. Claimant appealed to the Board, which, on March 10, 1987, affirmed the referee's decision. This appeal followed.

Our scope of review in this matter is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law has been committed and whether any of the claimant's constitutional rights have been violated. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Claimant first argues that the referee and the Board erred in applying Section 402(b)(1) of the Law, and that, if any section of the Law possibly controls, it is Section 402(a), 43 P.S. §802(a). We agree with this portion of claimant's argument.

Section 402(a) states in pertinent part:

An employee shall be ineligible for compensation for any week—

(a) in which his unemployment is due to failure, without good cause, . . . to accept suitable work when offered to him by the employment officer or by any employer. . . . Provided, that such employer notifies the employment office of such offer within seven (7) days after making thereof; . . .

In *Hammerstone v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 256, 378 A.2d 1040 (1977), claimant worked for Tele Sales, Inc. He was laid off from that job. At about the same time he was laid off, the president of Tele Sales, who was also the president of Valfor Enterprises, Ltd., offered claimant a job with Valfor, which claimant did not accept. The job offered involved similar duties, working conditions, pay and fringe benefits. This court held that claimant could not be held ineligible for benefits under Section 402(b)(1) of the Law. In doing so, we rejected the board's argument that the rationale in *Unemployment Compensation Board of Review v. Fields*, 24 Pa. Commonwealth Ct. 347, 355 A.2d 836 (1976) and *Dinges v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 306, 369 A.2d 898 (1977) applied because, in those cases, claimant was offered another position in the same company when her present job was terminated. We held that the fact that one individual was president of both the company for which claimant was laid off and the company which of-

fered him employment was not sufficient to treat the claimant's actions as voluntarily leaving work under Section 402(b)(1). Likewise, in the present case, the fact that Moss, pursuant to a contract with Fox, assumed responsibility of the Physical and Occupational Therapy Departments at Fox was not sufficient to compel a conclusion that claimant by refusing Moss's offer of employment, voluntarily terminated her employment with Fox. Rather, claimant was laid off by Fox.

The Board relied on our decision in *Hospital Service Association v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 165, 476 A.2d 516 (1984). In that Decision this court held that Section 402(a) of the Law is intended to apply only to those claimants who, while unemployed, refuse to accept offers of employment. It was held that a claimant, who, while employed, refuses to accept an offer of continued employment is deemed to have quit the position and is thus subject to Section 402(b) of the Law. In that case, however, the offer of employment which was rejected by the claimant, while employed, was, once again, one of a different position *in the same company.*

Although claimant's rejection of Moss's job offer does not constitute a voluntary termination reviewable under Section 402(b)(1), it does constitute a refusal to work. Therefore, claimant's application for benefits would be reviewable under Section 402(a). The legal standards for both of these sections are essentially the same, as is the burden of proof. *Heidelberg Township v. Unemployment Compensation Board of Review,* 94 Pa. Commonwealth Ct. 108, 503 A.2d 462 (1986).

Claimant does not argue that, if Section 402(a) applies, Moss did not offer her suitable work or that she had good cause for refusing that offer. Consequently, she has abandoned those issues. What claimant does argue is that her refusal of Moss's offer does not pre-

clude her from collecting benefits because that offer was made prior to the termination of her employment with Fox. The law does not, however, distinguish between refusals of offers made subsequent thereto. Where, as here, a claimant, prior to termination of her employment, knows that she is to be laid off by her present employer and refuses another company's offer of suitable work for a period of time during which she then seeks to collect benefits, she will be ineligible to collect benefits during that time.

Claimant furthermore argues that, even if she did refuse an offer of suitable work without good cause, under the proviso to Section 402(a), she may not be denied benefits because Moss failed to notify the OES of its offer within seven days after it had been made. In support of this contention, she cites this court's decision in the case of *Kiger v. Unemployment Compensation Board of Review*, 88 Pa. Commonwealth Ct. 376, 489 A.2d 977 (1985). There, the claimant was held to be eligible for benefits despite her refusal of suitable work where employer waited until the fiftieth day after the claimant declined its offer in order to notify the OES of the offer. In so holding, this Claimant distinguished the facts therein from those in *Barillaro v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 387, 325 A.2d 1324 (1978), where we refused to hold claimant eligible for benefits when she refused suitable employment and the employer who made the offer of suitable employment notified the OES of the offer within eight days of the offer having been made, as opposed to seven days. While agreeing with the principle set forth in *Barillaro* that the seven day notice requirement would not be applied rigidly when to do so would be inconsistent with the fundamental purpose of the act, which is to provide a semblance of economic security to those who are unemployed through no fault

of their own, we stated in *Kiger* that to apply that principle to the facts therein would be tantamount to removing the seven day notice requirement altogether, which we declined to do.

In *Kiger,* however, the employer who made the offer of suitable employment to the claimant and failed to notify the OES of it was the claimant's last employer. The same is true of the employers in *Barillaro, General Motors Corporation, Fisher Body Division v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 537, 322 A.2d 762 (1974), *MacDonald v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 494, 333 A.2d 199 (1975), *Curry v. Unemployment Compensation Board of Review,* 94 Pa. Commonwealth Ct. 300, 503 A.2d 1007 (1986) and *Mikolayczak v. Unemployment Compensation Board of Review,* 94 Pa. Commonwealth Ct. 163, 503 A.2d 100 (1986). The facts are not the same, however, in the present case. Therefore, we must decide for the first time whether, under the proviso to Section 402(a), a claimant who has refused an offer of suitable work without just cause is still eligible for benefits when a potential employer, other than claimant's last employer, has failed to notify the OES of that offer within seven days thereof. At issue is the meaning of the term "any employer".

In ascertaining the intention of the General Assembly enacting a statute, it is to be presumed that the General Assembly did not intend a result that is absurd, impossible of execution or unreasonable. 1 Pa. C. S. §1921. It is the conclusion of the Court that, if we were to construe the proviso to Section 402(a) to allow a claimant who has refused suitable employment to collect benefits because a potential employer, other than claimant's last employer, failed to notify the OES of claimant's refusal of an offer of suitable work within

en days after the making of that offer, an unreasonable situation would result. Claimants who would be unemployed through their own fault would be collecting benefits while their last employers would be suffering the effects of these payments being made upon their contribution rates. The cause of all this would be failure of other employers, who have no way of knowing that the claimants intend to collect, or are collecting benefits, to notify the OES of the existence of circumstances which could give rise to grounds for denying benefits.

Accordingly, we conclude that the failure of Moss in this case to notify the OES of its offer of suitable employment to the claimant within seven days did not make the claimant eligible for benefits despite her refusal of that offer. Therefore, the portion of the Board's order affirming the referee's denial of a claim credit for the waiting week ending August 9, 1986 and benefits for the weeks ending August 16, 1986 through October 4, 1986 is affirmed.

We now turn to the issue of whether claimant was properly charged a fault overpayment.

Pursuant to Section 804(a) of the Law, 43 P.S. §874, "any person who by reason of his fault has received any sum as compensation under the Law to which he was not entitled, shall be liable to repay to the Unemployment Compensation. . .a sum equal to the amount so received by him and interest. . . ." The word "fault" within the meaning of Section 804(a) connotes an act to which blame, censure, impropriety, shortcoming or culpability attaches. *Summers v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 146, 430 A.2d 1046 (1981). To find "fault", there must be some finding by the referee or Unemployment Compensation Board of Review concerning claimant's state of mind. *Amspacher v. Unemployment Compensation Board of Review*, 84 Pa. Commonwealth Ct. 447, 479

A.2d 688 (1984). In the instant case, the referee and Board found:

> 7. Claimant contributed to her receiving $1256.00 in unemployment compensation benefits to which she was not entitled for compensable weeks ending August 16, 1986 thorough [sic] October 4, 1986, in that she did not properly inform the Office of Employment Security at the time of filing for these benefits that she was offered continuing employment with Moss Rehabilitation Center, effective August 4, 1986, when they assumed the responsibility for occupational and physical therapy functions at the Fox Chase Cancer Center.

As this Court stated in *Amspacher:*

> A claimant seeking unemployment compensation benefits is required to divulge to the OES all pertinent information regarding the claimant's employment status. This information is required so that the OES may make an intelligent and informed determination as to the claimant's eligibility for benefits and computation of a weekly benefit rate and partial benefit credit. This requirement which is imposed upon claimants recognizes the Commonwealth's interest in unemployment compensation and assists in fulfilling the Commonwealth's duty to protect the unemployment compensation fund against dissipation by those not entitled to benefits under the law.

84 Pa. Commonwealth Ct. at 452, 479 A.2d at 690-91 (1984). The fact here that claimant had been offered, and had rejected, a job with Moss was important and relevant to the OES determination as to her eligibility for benefits. If the OES had known of such offer it would have conducted an investigation to determine the nature of the offer and, as happened when it did learn

of that offer, would have determined that claimant was ineligible for benefits. When a claimant, at the time benefits are applied for, fails to inform the OES of a job offer that has been made to him or her prior to that time, knowing that such information must be divulged to the OES, it can be concluded that he or she collected benefits by reason of his or her own "fault" when the offer was of suitable employment and claimant had no good cause for refusing it.

Claimant initially argues that the above finding of fact is contrary to her uncontradicted testimony at the hearing before the referee. At that hearing, the claimant testified that, at the time she applied for benefits, she advised the OES's clerk about the situation concerning her unemployment and of, as she characterized it, her "possible employment with Moss". According to the claimant, the clerk then advised her that the situation she had described constituted separation from last employment due to "lack of work" and then inserted an "X" mark in the box indicating that himself. (N.T. 17). The Board, however, is the ultimate fact-finder and arbiter of witness credibility. *Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977). As such, it was free to reject that testimony as not being credible, even if it was uncontradicted, *Atkinson v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 535, 434 A.2d 850 (1981), and did so, as reflected by the above finding. This Court, on an appeal from the Board's decision, is unable to disturb the Board's credibility determination.

Claimant further argues that it was Fox, rather than herself, which contributed to her receipt of benefits because Fox did not respond to the OES's request for information regarding claimant's separation until October 3, 1986. Fox, however, did not have a duty, under the

Law to notify the OES of Moss's job offer to the Claimant or her refusal thereof. Under the Law, Fox had merely an opportunity to give notice in order to avoid the effect that payment of benefits to the claimant would have on its contribution rate. It was the claimant here who had the duty of notifying the OES of the job offer that had been made to her by Moss.

Claimant finally argues that the Board's order must be reversed since its decision contains no finding concerning her state of mind at the time she applied for benefits. We believe, however, that the above finding is sufficient to support an inference of the requisite "fault" on claimant's part, as that term has been defined.

Accordingly, the order of the Board requiring the recoupment of the overpayment of benefits pursuant to Section 804(a) of the Unemployment Compensation Law is also affirmed.

### ORDER

NOW, August 5, 1988, the order of the Unemployment Compensation Board of Review dated March 10, 1987, at Decision No. B-256443, affirming the denial of a claim credit for the waiting week ending August 9, 1986, and benefits for the compensable weeks ending August 16, 1986 through October 4, 1986, to the claimant and requiring the recoupment of the overpayment of benefits pursuant to Section 804(a) of the Unemployment Compensation Law is hereby affirmed.

---

CONCURRING AND DISSENTING OPINION BY JUDGE DOYLE:

While I concur with the majority in its determination that Section 402(a) of the Unemployment Compensation Law[1] is the applicable provision, I cannot agree

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a).

that Moss' failure to notify the OES of its offer of employment within seven days is of no legal effect. Section 402(a) makes it clear that a claimant who refuses suitable employment is disqualified from receiving benefits *unless* the employer who offered the position notifies the OES of the offer within seven days after making it. It is undisputed that this notice provision was not met. Despite the clear language in Section 402(a), however, the majority concludes, relying upon principles of statutory construction, that granting benefits under the existing factual situation would be a result not intended by the legislature.

It is axiomatic, however, that the plain words of a statute are not to be disregarded where the statute's language is clear and free from doubt. *Hyser v. Allegheny County,* 61 Pa. Commonwealth Ct. 169, 434 A.2d 1308 (1981). I see no ambiguity present in Section 402(a) and the majority has not pointed out one; hence, utilization of Section 1921 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921, is improper. By concluding that a claimant who is unemployed through his or her own fault should not be entitled to benefits where the proffering employer has not complied with the reporting requirement of Section 402(a), the majority has effectively read the reporting requirement out of the statute entirely. And, while I agree that in some circumstances the reporting requirement may be overcome, such as in *Barillaro v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 325, 387 A.2d 1324 (1978), cited by the majority, these facts are readily distinguishable from that case.

Moreover, the majority's attempt to "do equity" by vitiating the reporting requirement may have the opposite result. Under its position if an employee were furloughed and three months later were offered suitable work by another company and refused that work the

employee's benefits could be terminated months later merely because this offer was made although it was never reported. Additionally, in the instant case I am not in any way persuaded that Moss had no way of knowing that Claimant intended to collect benefits because the facts present here indicate a successor-employer situation. Therefore, certainly on the facts of this case at least, the result reached by the majority is unwarranted.

Because I would conclude that Moss' failure to comply with the notice provision in effect excuses Claimant's failure to accept suitable work, *see Kiger v. Unemployment Compensation Board of Review,* 88 Pa. Commonwealth Ct. 376, 489 A.2d 977 (1985), I would grant Claimant benefits.