**William L. EDENS, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 20, 1998.

Decided July 13, 1998.

William L. Edens, petitioner, for himself.

Lisa Jo Fanelli, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

William L. Edens (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee, in which the referee determined that Claimant received an overpayment of unemployment compensation in the amount of $524.00 due to the receipt of social security benefits and ordered a recoup-

ment of that amount pursuant to Section 804(a) of the Unemployment Compensation Law (Law).[1]

Claimant filed an application for unemployment compensation benefits on May 19, 1996, and thereafter received 13 weeks of benefits in the amount of $352.00 per week. Claimant subsequently applied for and received an additional 13 weeks of extended unemployment benefits ending December 28, 1996. Thereafter, on January 7, 1997, Claimant applied for and was granted social security benefits in the amount of $1,130.00 per month, and such benefits were made retroactive to December 1, 1996. Thus, for the four compensable weeks ending 12/7/96, 12/14/96, 12/21/96, and 12/28/96, Claimant received both unemployment compensation benefits and social security benefits.

As a result of a computer cross-match with the Social Security Administration, this information was discovered by the Job Center in Bristol, Pennsylvania, which issued a determination on June 3, 1997, stating that Claimant received a total of $524.00 in unemployment compensation to which he was not entitled.

Claimant appealed this determination, but a referee affirmed it by a decision and order dated July 10, 1997. The referee concluded that Claimant's benefits should have been reduced by $131.00 per week for the four weeks in question and further determined that Claimant was required to pay to the Unemployment Compensation Fund the $524.00 he received in overpayment. Claimant subsequently appealed the decision to the Board, which affirmed the referee by a decision and order dated August 26, 1997. This appeal ensued.[2]

Section 404(d)(2) of the Pennsylvania Unemployment Compensation Law provides in pertinent part:

(2)(i) ... [F]or any week with respect to which an individual is receiving a pension, including a governmental or other pension, retirement or retired pay, annuity or any other similar periodic payment, under a plan maintained or contributed to by a base period or chargeable employer, the weekly benefit amount payable to such individual for such week shall be reduced, but not below zero, by the pro-rated weekly amount of the pension as determined under subclause (ii).

(ii) If the pension is entirely contributed to by the employer, then one hundred per centum (100%) of the pro-rated weekly amount of the pension shall be deducted. If the pension is contributed to by the individual, in any amount, then fifty per centum (50%) of the pro-rated weekly amount of the pension shall be deducted.[3]

43 P.S. § 804(d)(2). Benefits paid pursuant to the Social Security Act[4] are specifically stated to be payments which are to be credited against unemployment compensation benefits. *See* 43 P.S. § 804(d)(2)(iii).

Additionally, Section 804(a) of the Law, which pertains to fault-based overpayments of unemployment compensation, provides in pertinent part as follows:

(a) Any person who **by reason of his fault** has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest at the rate determined by the Secretary of Revenue as provided by section 806 of the act of April 9, 1929 (P.L.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(a).

2. Our standard of review on appeal from a decision of the Board is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Stanley Flagg & Co., Inc. v. Unemployment Compensation Board of Review*, 146 Pa.Cmwlth. 248, 605 A.2d 443, *petition for*

allowance of appeal denied, 532 Pa. 648, 614 A.2d 1144 (1992).

3. The referee determined that, because Claimant in this case contributed to his social security " pension," only fifty percent of the prorated weekly pension amount should be deducted from Claimant's weekly benefit rate.

4. 49 Stat. 620 (1935), *as amended*, 42 U.S.C. § 301 et seq.

343, No. 176), known as "The Fiscal Code," per month or fraction of a month from fifteen (15) days after the Notice of Overpayment was issued until paid. . . .

43 P.S. § 874(a) (emphasis added) (footnote omitted). Conversely, Section 804(b)(1) of the Law provides in pertinent part as follows:

(b)(1) Any person who **other than by reason of his fault** has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year. . . .

43 P.S. § 874(b)(1) (emphasis added).

In this case, the record clearly indicates that Claimant received both unemployment compensation benefits and social security benefits for the same weeks ending 12/7/96, 12/14/96, 12/21/96, and 12/28/96, and Claimant does not dispute this fact on appeal. As a result, pursuant to Section 404(d)(2) of the Law, 43 P.S. § 804(d)(2), Claimant received an overpayment of unemployment compensation benefits in the amount of $524.00, and the Board and referee were correct in so concluding.

Claimant essentially argues in his pro se brief that he was not at fault for this overpayment and that the Board and referee therefore erred in directing an immediate fault recoupment. After a review of the record and relevant case law, we must conclude that the Claimant is correct in this regard.

We initially note that this Court has held that the word "fault" within the meaning of Section 804 of the Law "connotes an act to which blame, censure, impropriety, shortcoming, or culpability attaches." *Teitell v. Unemployment Compensation Board of Review,* 118 Pa.Cmwlth. 406, 546 A.2d 706, 710 (1988). Although a claimant may be "at fault" where he has failed to notify the Department of Labor and Industry that, while receiving unemployment compensation benefits, he has applied for social security benefits, in this case, the record indicates that Claimant did not apply for social security benefits until **after** his extended unemployment benefits had expired. Therefore, it is obvious that at no time while Claimant was actually receiving unemployment compensation benefits could he have wrongfully accepted overpayment of such benefits. Moreover, the Board now concedes in its brief that "the overpayment should be recouped as a non-fault overpayment due to lack of sufficient intent." (Board's Brief at 7 n. 3.)

Thus, because payment to the Unemployment Compensation Fund in the form of recoupment is only appropriate where the claimant is at fault for the overpayment, which is absent here, Claimant in this case is not required to pay into the Fund the $524.00 overpayment. *See O'Hara v. Unemployment Compensation Board of Review,* 167 Pa. Cmwlth. 636, 648 A.2d 1311 (1994). Rather, Claimant may only be assessed that amount against any future unemployment compensation benefits he may be awarded in accordance with the provisions of Section 804(b)(1) of the Law, 43 P.S. § 874(b)(1).

Accordingly, we reverse the Board's order to the extent it directs Claimant to pay to the Unemployment Compensation Fund the amount of $524.00 as fault-based recoupment for overpayment of unemployment compensation benefits and affirm the order of the Board in all other respects.

### *ORDER*

**NOW,** July 13, 1998, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed in part and affirmed in part in accord with the opinion of the Court filed herewith.