605 A.2d 443

**STANLEY FLAGG AND CO., INC., Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1991.

Decided March 10, 1992.

Jonathan A. Kane, for petitioner.

No appearance for respondent.

Marc S. Jacobs, for intervenor.

Before COLINS and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Stanley Flagg and Co., Inc. (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which reversed the referee's order deny-

ing benefits under Section 402(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(d),[1] to David R. Mourar, representative Claimant and member of Local 2326 of the United Steelworkers of America, AFL–CIO–CLC (Union).

■ The issues raised by Employer are whether the Board made an error of law when it concluded that the work stoppage was due to a lockout rather than a strike; whether the futility doctrine excused the Union from repeating its offer to continue working after expiration of the Collective Bargaining Agreement between the parties; and whether the Board's finding that the Union offered to continue to work under the status quo after expiration of the Agreement is supported by substantial evidence. The Union, as intervenor, raises the additional issues of whether a lockout occurs when an employer insists that the only method for continuing work after expiration of a contract is under a concession contract; and whether an employer who forces union members to leave their work positions prior to the expiration of the contract has forced a lockout.[2] This Court's scope of review of the Board's decision is limited to determining whether the findings of fact are supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Wertman v. Unemployment Compensation Board of Review,* 103 Pa.Commonwealth Ct. 376, 520 A.2d 900 (1987).

■ The Pennsylvania Supreme Court has stated that "a finding of work stoppage causation necessarily dictates the

---

1. Section 402(d) of the Law provides in pertinent part: "An employe shall be ineligible for compensation for any week . . . (d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed. . . ."

2. Whether Employer compelled union members to leave their work positions is not properly before this Court. However, the referee did ascertain from counsel for the Union that there was no allegation that any employees were physically prevented from going to work if they so desired. Further, the Board found that the Union was not denied access to Employer's premises following expiration of the Agreement.

finding of lock-out or strike. Since the existence of a lock-out is the ultimate question for decision under the statute, the decision that a lock-out is present is of course more than a simple finding of fact." *Philco Corp. v. Unemployment Compensation Board of Review*, 430 Pa. 101, 105 n. 2, 242 A.2d 454, 456 n. 2 (1968). Further, that court has developed the following test to determine whether a work stoppage is a lockout or a strike:

> Have the employees offered to continue working for a reasonable time under the pre-existing terms and conditions of employment so as to avert a work stoppage pending the final settlement of the contract negotiations; and has the employer agreed to permit work to continue for a reasonable time under the pre-existing terms and conditions of employment pending further negotiations? If the employer refuses to so extend the expiring contract and maintain the status quo, then the resulting work stoppage constitutes a 'lockout' and the disqualification for unemployment compensation benefits in the case of 'stoppage of work because of a labor dispute' does not apply.

*Vrotney Unemployment Compensation Case*, 400 Pa. 440, 444–45, 163 A.2d 91, 93–94 (1960). Since the parties can be expected during negotiations to take different positions at various times in their efforts to reach an agreement, the application of the *Vrotney* test necessarily occurs "when the contract has in fact expired and a new agreement has not yet been negotiated...." *Id.*, 400 Pa. at 440, 163 A.2d at 93.

The Board made the following pertinent findings of fact after remand to the referee sitting as hearing officer for the Board:

> 3. There was a three-year collective bargaining agreement in effect between the Union and the employer which was to expire at 12:01 a.m. on September 2, 1989.
> 4. Prior to the expiration of the agreement, the parties negotiated unsuccessfully to reach a new agreement.
> 5. During negotiations, the employer indicated to the Union that it could not work without a concessionary

agreement in order for it to remain competitive and that the status quo wouldn't "cut it."

6. At a negotiating session on June 21, 1989, employer informed the union that it had considered extending the status quo, but would not since it needed concessions.

7. Employer never informed the Union that its position of June 21, 1989 had ever changed.

8. By letter dated August 29, 1989, the employer indicated that the Union negotiating committee had its "last, best, and final offer."

9. On August 31, 1989, employer again stated that a concession agreement was necessary and the status quo wouldn't "cut it."

10. The employer did not change its offer of August 29, 1989 during negotiations that followed by its offer of August 31, 1989. This offer called for concessions.

11. The employer's final offer was not accepted by the Union and a work stoppage began on September 2, 1989 with the expiration of the collective bargaining agreement.

12. On August 30, 1989, the chief negotiators for the Union and employer met informally. At this time the chief negotiator for the Union offered to continue working under the terms and conditions of the expiring contract while negotiations continued.

13. The employer rejected the Union's offer because it felt there was still time to negotiate a new agreement.

14. The employer did not want a short term extension of the contract at the time the Union made its offer.

15. Thereafter, the Union did not offer to continue under the status quo since it was under the impression that the employer was insisting upon concessions for continued work.

16. The employer never informed the Union that it was willing to continue under the status quo.

17. The Union was not denied access to the employer's premises following the expiration of the Collective Bargaining Agreement.

October 25, 1990 Decision of the Board, pp. 1–2. The Board reasoned that the Union's offer to continue working under the terms and conditions of the Agreement satisfied the *Vrotney* requirements and that a lockout occurred. The Board relies on the *Philco* discussion of *Vrotney* wherein the Supreme Court wrote that "logically the test of whether a work stoppage resulted from a strike or a lock-out requires us to determine which side, union or management, first refused to continue operations under the status quo after the contract had technically expired, but while negotiations were continuing." *Philco*, 430 Pa. at 103, 242 A.2d at 455. The Board, however, did not apply the technical timing requirement expressed in both *Vrotney* and *Philco*. The Union's offer was originally expressed in a June 21, 1989 negotiating session (over two months before the Agreement would expire) and again in an informal meeting on August 30, 1989, just two days before expiration of the Agreement.

■ The Union properly contends that even if its offer to work under the status quo were premature, it should not be penalized since Employer's bargaining position consistently required the Union to make concessions and Employer had already rejected the Union's offer to continue to work under the status quo. Therefore, requiring the Union to repeat the offer requires it to make a futile effort. When the work stoppage takes the form of a strike and a constructive lockout is alleged, it is the burden of the Union to show that it was willing to maintain the status quo and that the Employer refused to do so. *Philco; Union Spring & Manufacturing Co. v. Unemployment Compensation Board of Review*, 62 Pa.Commonwealth Ct. 343, 436 A.2d 1048 (1981). However, if it can be shown that a status quo offer by the Union would definitely be rejected by management, the Law will not require the Union to make such an offer. *Philco; Small Tube Prod. v. Unemployment Compensation Board of Review*, 198 Pa.Superior Ct. 308, 181 A.2d 854 (1962). Although the Union did not extend its status quo offer precisely upon expiration of the Agreement

on September 2, 1989, this Court concludes that a rigid application of the test enunciated in *Vrotney* and *Philco* would be unrealistic and would also pervert the futility doctrine intended to provide a safety valve for Union employees acting under those circumstances which exist here.

A bright-line test for the futility doctrine may not be possible as the nature of labor negotiations will, by necessity, require an analysis of each case based upon the facts existing at the time of the work stoppage. For instance, in *Grimm v. Unemployment Compensation Board of Review*, 127 Pa.Commonwealth Ct. 368, 376, 561 A.2d 1286, 1289 (1989), this Court stated that "[a] hard bargaining position, taken by either party, cannot by itself support an invocation of the futility doctrine." However, there is a closer parallel in *Effort Foundry, Inc. v. Unemployment Compensation Board of Review*, 125 Pa.Commonwealth Ct. 505, 558 A.2d 571 (1989), in which the union offered to take a proposal back to its membership that the contract be extended for as little as a three-month period to allow for continued negotiations. The employer responded that at the expiration of the contract, its final offer would be unilaterally implemented. This Court found that this last minute rejection (last day of the contract) of the union's proposal coupled with the employer's response to unilaterally implement its own proposals would have made it a futile effort to require the union to again make a formal proposal. Finally, as in the matter sub judice, the employer in *Small Tube* demanded a concession contract and informed the union that it had received the employer's final proposal. The court held that when the employer refused to agree to an additional extension to the contract, the union was not required to repeat its offer to continue working under the status quo.

There were two days left to negotiate in the case sub judice. The Union offered to continue to work under the terms of the expired Agreement which Employer rejected while maintaining that the status quo would not "cut it." The Union's offer to continue to work came on the day it

received Employer's August 29, 1989 letter indicating that the Union had Employer's "last, best, and final offer." Since the Union's offer had been rejected only two days before expiration of the Agreement and Employer consistently demanded a wage concession contract, it would have been futile for the Union to repeat its offer.[3]  Consequently, the order of the Board must be affirmed.

## ORDER

AND NOW, this 10th day of March, 1992, the order of the Unemployment Compensation Board of Review is affirmed.

3. The remaining issues need not be specifically addressed because of this Court's holding.  However, with regard to the Board's finding that the Union made an offer on August 30, 1989 to continue working after the Agreement expired on September 2, 1989, testimony that the chief negotiators met and exchanged this proposal informally and that the Union's negotiator was considered more credible than the other represents substantial evidence to support the Board's finding.  Further, as this Court has stated, when a party with the burden of proof in a Section 402(d) case has prevailed before the Board, the Board's findings of fact are conclusive on appeal as long as the record, taken as a whole, contains substantial evidence to support those findings. *Babcock & Wilcox Co. v. Unemployment Compensation Board of Review*, 119 Pa.Commonwealth Ct. 566, 547 A.2d 850 (1988), *appeal denied*, 523 Pa. 637, 565 A.2d 446 (1989).