531 A.2d 1172

Centre Area Transportation Authority, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 4, 1987 before Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Joseph P. Green, Lee, Martin, Green & Reiter,* for petitioner.

*Gary L. Kelley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, October 6, 1987:

Centre Area Transportation Authority (CATA) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's order to reverse a determination by the Office of Employment Security (OES) to deny Michael T. Czarnecki (claimant) benefits under Section 402(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a) (failure to accept suitable work).[1]

---

[1] Section 402(a) provides in pertinent part:
An employee shall be ineligible for compensation for any week—
(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe or to accept suitable work when offered to him by the employment officer or by any employer. . . .

The claimant was employed as a full-time bus driver for CATA. Effective May 10, 1985, the claimant's hours were reduced to 2.15 hours per day or 10.7 hours per week due to a decrease in manpower requirements. A temporary route was established by CATA consisting of 7.65 hours per day which would continue through June 13, 1985. Pursuant to its collective bargaining agreement, CATA posted a memorandum inviting all bus drivers to attend a bid meeting on May 9, 1985, to submit bids on the temporary position. The claimant chose not to bid on the temporary position and it was subsequently awarded to a driver with less seniority.

The referee reversed OES' denial of benefits and found that "[t]he employer never specifically offered this position to the claimant and only indicated those interested in the job could bid on it."[2] CATA appealed the referee's decision. This appeal followed. We reverse.

Our scope of review is limited to a determination of whether an error of law was committed, whether the necessary findings are supported by substantial evidence, or whether constitutional rights were violated. *Pacini v. Unemployment Compensation Board of Review*, 102 Pa. Commonwealth Ct. 355, 518 A.2d 606 (1986).

In *Philadelphia Newspapers, Inc. v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 639, 426 A.2d 1289 (1981), as here, benefits were awarded despite an employer's objection that the claimant failed to accept suitable work. This court affirmed the award reasoning that the posting of job openings could not be classified as offers of employment because they created no power of acceptance in the claimant or any other employee.[3]

---

[2] Referee's Finding of Fact No. 7.

[3] The *Restatement (Second) of Contracts* §24 describes an offer as a manifestation of willingness to enter into a bargain, which

The facts in this case must lead us to a different conclusion. In *Philadelphia Newspapers,* in finding that the posting of job openings did not create a power of acceptance in the claimant we also recognized that the employer had "clearly reserved the right to evaluate the applicant's qualifications before proffering any position." 57 Pa. Commonwealth Ct. at 641, 426 A.2d at 1290. In the present case, the employer specifically bargained away that right. Section 702 of the collective bargaining agreement in force here provides, "Whenever a position is permanently vacant, if it is to be filled permanently, it shall be promptly filled *by bidding, by seniority.*" (Emphasis added.) Therefore, the posting of the job opening in this case, in conjunction with Section 702 of the collective bargaining agreement, created the power of acceptance in a specified offeree, *i.e.,* the applicant with the most seniority.

Further, Section 702 also indicates that the bidding process is the sole method by which CATA could have offered the claimant a position. We find that a claimant's refusal to participate in the bidding process amounts to a failure to accept an offer of suitable employment where the bidding process is the only method by which an employer is authorized by a collective bargaining agreement to offer employment and where the collective bargaining agreement mandates that the position be awarded to the applicant with the most seniority, especially where, as here, had the claimant bid on it, he would have been awarded the position.

Accordingly, we reverse and benefits are denied.

---

would justify another person in understanding that his assent to that bargain is invited and will conclude it. An offer creates a power of acceptance in a specified offeree to transform the offeror's promise into a contractual obligation. (Footnote in original, 57 Pa. Commonwealth Ct. at 641, 426 A.2d at 1290, n. 3).

ORDER

NOW, October 6, 1987, the order of the Unemployment Compensation Board of Review, Decision No. B-245518, dated December 17, 1985, is hereby reversed.

Senior Judge NARICK dissents.