619 A.2d 813

**McKEESPORT HOSPITAL, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 22, 1992.

Decided Dec. 1, 1992.

Publication Ordered Jan. 20, 1993.

1. We do not consider the Commissioner's use of the term "blackmail" to be accurate.

Gordon S. Johnson, for petitioner.

Lisa Jo Fanelli, Asst. Counsel, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

McKeesport Hospital (Employer) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a Referee's order continuing a grant of partial unemployment benefits to Daryel A. Tom, Monica L. Kushner, Patricia A. Zaborowski, Deborah L. Petrow, and Roberta L. Reganick (Claimants).

Claimants were employed full-time by Employer as dietary or custodial workers and were part of a bargaining unit represented by the Teamsters Union. On March 11, 1990, because of a lack of patients resulting from a nurse's strike, Claimants were furloughed. Between March 20 and March 22, 1990, Claimants were individually called back to work on a part-time basis. Claimants filed for and were granted partial unemployment compensation benefits. In May of 1991, eight full-time positions for which Claimants were qualified became available and were posted in accordance with the terms of the collective bargaining agreement in effect at the time.[1]

These positions were posted on seven designated bulletin boards throughout the hospital and remained posted for three days. Claimants Tom, Kushner, Petrow, and Reganick were working during the time the positions were posted and were aware of the open positions. Claimant Zaborowski was not scheduled to work during the time the positions were posted and was unaware of the open positions. None of the Claimants bid on any of the open positions.

---

1. * May 10th—four full-time positions for general dietary workers were posted.

 * May 16th—one full-time position for a project crew worker was posted.

 * May 17th—three full-time positions for custodial workers were posted.

Employer notified the Office of Employment Security (OES) by telephone on May 21, 1991, and in writing on May 29, 1991, that Claimants had failed to bid on open full-time positions, and requested that they be disqualified from receiving further partial benefits pursuant to Section 402(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2879, *as amended*, 43 P.S. § 802(a).[2] Employer requested the disqualification, claiming that because of Claimants' seniority, they would have received these positions had they bid. Because they would have received a full-time position, their failure to bid amounted to a refusal of an offer.

 The OES denied Employer's request, finding that Claimants had not refused an offer of suitable work and were not ineligible for benefits under Section 402(a). Employer appealed, and after a hearing, at which only Claimants Tom, Kushner and Zaborowski testified, the Referee affirmed the OES. The Referee found Claimant Zaborowski was not aware of the open positions, and that all Claimants' failure to bid on the posted positions could not be considered a refusal to accept an offer. The Referee based her finding that the posting of available positions did not constitute an offer, on the Employer being allowed to consider factors other than seniority when filling the positions.[3] The Referee also denied Em-

2. **Ineligibility for compensation**
 An employee shall be ineligible for compensation for any week—
 (a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe or to accept suitable work when offered to him by the employment officer or by any employer, irrespective of whether or not such work is in "employment" as defined in this act: Provided, that such employer notifies the employment office of such offer within seven (7) days after the making thereof....

3. Article VII(D) of the collective bargaining agreement provides:
 D. When the Hospital determines that there exists a vacancy for a position in the bargaining unit which will be filled by the Hospital, the position will be posted for bid Hospital-wide for a period of (3) work days, excluding Saturdays, Sundays, and Holidays. If there are two (2) or more applicants for the position, the Hospital will give due consideration to skill, qualifications, ability and seniority of the appli-

ployer's request because it failed to file a notice of an offer to Claimants with OES within the seven days required by Section 402(a). The Board affirmed the Referee's decision, and the present appeal followed.[4]

Employer contends that the Board erred in denying its request to consider whether compensation should be terminated because it did not notify OES within seven days of the job offer as required by Section 402(a). Employer notified OES of the "offers" by telephone on May 21, 1991, and written notification was sent on May 29, 1991. Depending on what job posting was involved, Employer's written notice was between one and five days late.[5]

We have previously held that strict compliance with the notice provision is not required where to do so would be inconsistent with the objectives of the Law and where claimants are not prejudiced by the delay. In *Barillaro v. Unemployment Compensation Board of Review*, 36 Pa.Commonwealth Ct. 325, 387 A.2d 1324 (1978), notice to OES of the refusal to accept an offer of suitable work was one day late. Holding that the notice requirement of Section 402(a) was directory and not mandatory, we then held that even though the seven-day notice provision had not been technically complied with:

> cants and where the skill, qualifications and ability among applicants are relatively equal, preference will be given on the basis of seniority. The seniority preference shall be first on the basis of departmental seniority and, secondly, on the basis of Hospital-wide seniority. An employee awarded a vacancy shall not be eligible to bid on another vacancy for six (6) months, unless otherwise approved by the Hospital. . . .

4. Our scope of review is limited to a determination of whether an error of law was committed, whether the necessary findings are supported by substantial evidence, or whether constitutional rights were violated. *Pacini v. Unemployment Compensation Board of Review*, 102 Pa.Commonwealth Ct. 355, 518 A.2d 606 (1986).

5. * The May 10 posting expired on May 15, 1991, with notice to OES required by May 22, 1991.
 * The May 16 posting expired on May 21, 1991, with notice to OES required by May 28, 1991.
 * The May 17 posting expired on May 22, 1991, with notice to OES required by May 29, 1991.

[W]e cannot declare claimants to be eligible and grant them benefits merely as a result of rigid application of technical standards where, otherwise, said claimants are clearly ineligible. To do so would be inconsistent with the fundamental purpose and intent of the Act, which is to provide a semblance of economic security to those who are unemployed through no fault of their own. *Cf. General Motors Corp., Fisher Body Division v. Unemployment Compensation Board of Review*, 14 Pa.Commonwealth Ct. 537, 322 A.2d 762 (1974); *MacDonald v. Unemployment Compensation Board of Review*, 17 Pa.Commonwealth Ct. 494, 333 A.2d 199 (1975) (cases wherein this Court held that rigid interpretation of notice requirements in administrative regulations formulated by the Bureau with regard to the form of the employer's notice could not be utilized to grant benefits to one who had refused suitable work under Section 402(a)).

*Id.* 36 Pa.Cmwlth. 325, at 331, 387 A.2d 1324, at 1328.

▮ What causes Section 402(a) to act as a time bar to an Employer's request is when the delay in filing the notice with OES is so great that it acts to prejudice the claimant. Prejudice may occur where the claimant receives benefits to which he or she may be ineligible because of an employer's failure to timely notify OES of a job offer subjecting claimant to no fault recoupment.[6] Moreover, where the delay was inordinate, we will presume prejudice. Such was the case in *Kiger v. Unemployment Compensation Board of Review*, 88 Pa.Commonwealth Ct. 376, 379, 489 A.2d 977, 978 (1985), where the notice was forty-three days late, and we held that to apply the principle in *Barillaro*, "to the situation before us would be tantamount to removing the statutory seven-day notice requirement altogether." Because there is no such prejudice here to Claimants resulting from the one to five day delay in notice, Employer has fundamentally complied with the notice provision.

6. Excess benefits received by a claimant, through no fault of their own, may be deducted from a future award of benefits. Section 804(b), 43 P.S. § 874(b)(1).

We now must determine whether the posted positions constituted an offer of suitable full-time work that Claimants refused, making them ineligible for partial unemployment benefits. Employer contends that because the posting/bid procedure was the only method by which it was permitted to fill vacancies under the collective bargaining agreement, the posted positions were offers capable of being accepted by Claimants. In *Philadelphia Newspapers v. Unemployment Compensation Board of Review*, 57 Pa.Commonwealth Ct. 639, 641, 426 A.2d 1289, 1290 (1981), we held the employer's posting procedure did not create an offer [7] capable of being accepted by an employee, because the employer had reserved the right to evaluate applicant's qualifications before proffering any position and the applicant was not guaranteed the position on which he or she might bid. We held that the posting procedure merely served as a vehicle to solicit applications for openings from current employees and, therefore, a part-time employee's failure to apply for a posted full-time position was not a refusal of full-time work.

We did, however, in *Centre Area Transportation Authority v. Unemployment Compensation Board of Review*, 110 Pa.Commonwealth Ct. 93, 531 A.2d 1172 (1987), hold that a posting procedure guaranteeing those with the most seniority the bid if they applied would justify modification of benefits. We held that where the collective bargaining agreement mandates that the bidding process is the only method by which an employer is authorized to offer employment, and that the position be awarded to the applicant with the most seniority, a claimant's refusal to participate in the bidding process amounts to a failure to accept an offer of suitable employment. *Id.* at 96, 531 A.2d at 1174.

7. In *Philadelphia Newspapers*, we cited the *Restatement (Second) of Contracts* § 24 and described an offer as "a manifestation of willingness to enter into a bargain, which would justify another person in understanding that his assent to that bargain is invited and will conclude it. An offer creates a power of acceptance in a specified offeree to transform the offeror's promise into a contractual obligation." 57 Pa.Commonwealth Ct. at 641, n. 3, 426 A.2d at 1290, n. 3.

■ In this case, the collective bargaining agreement permits Employer to fill open positions through the bidding process only, but Article VII(D) of the agreement allows Employer to consider applicants' skills, qualifications, and ability, along with seniority when filling open positions. While this bargaining agreement is like the *Centre* agreement in that the employer can only fill vacancies through the posting procedure, it does not mandate that positions be filled solely on the basis of seniority, thereby making it a mere solicitation for applications.[8]

The Employer contends that its offer was capable of being accepted, because it was shop practice to award these positions solely on the basis of seniority. Other than its bare assertion, the Employer offered no record of arbitrators' awards or other evidence substantiating that practice. Not only is this assertion at variance with the plain language of the collective bargaining agreement, Claimants testified that other individuals were given jobs when they were not the most senior. (Hearing Transcript at pp. 7–8, 9–10.) The Board had substantial evidence to find that there was not a shop practice to award bids on the basis of seniority only. Because the Board found the offer was not definite, Claimants' failure to bid on the posted positions was not a refusal of an offer of suitable full-time work.

Accordingly, we affirm the Board's decision that Employer's posting procedure did not constitute an offer of suitable work.

## ORDER

AND NOW, this 1st day of December, 1992, the orders of the Unemployment Compensation Board of Review, Decision

8. While a failure to bid can be analogized to a failure to apply for suitable work, Employer did not raise the question of the eligibility of these Claimants under the "failure, without good cause, [ ] to *apply* for suitable work" provision of Section 402(a), which requires that unemployed claimants make good-faith efforts to re-enter the work force. Absent good cause, a finding that a claimant has failed to apply for suitable work results in disqualification from benefits. *Markby v. Unemployment Compensation Board of Review*, 129 Pa.Commonwealth Ct. 176, 178, 564 A.2d 1340, 1342 (1989).

Nos. B–295557, B–295558, B–295559, B–295560, B–295561, dated December 30, 1991, are affirmed.