# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Murphy Marine Services, Inc.,    :
                               :
               Petitioner    :
                               :
         v.               :    No. 2232 C.D. 2013
                               :
Unemployment Compensation    :    Submitted: May 16, 2014
Board of Review,                    :
                               :
            Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE MARY HANNAH LEAVITT, Judge
                   HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**              **FILED: August 4, 2014**

Murphy Marine Services, Inc. (Employer) petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board) affirming the UC Referee's Decision granting UC benefits to Byron A. Jones (Claimant). The Board determined that because Employer did not make a guaranteed offer of employment to Claimant and Employer did not notify the Office of UC Benefits of the Department of Labor and Industry (Department) of any job offer in writing within seven days of making the alleged offer, Claimant was not ineligible for UC

benefits pursuant to Section 402(a) of the UC Law.[1]  On appeal, Employer argues that the Board's determination is not supported by substantial evidence because the record shows that Claimant did not report to the local union hiring hall for work.

The facts, as adopted by the Board, are as follows:

1. The claimant is a member of the AFL-CIO International Longshoreman's Local.

2. The local where the claimant is a member supplies laborers for ports in the Greater Philadelphia area, Murphy Marine and other Delaware River employers of the International Longshoreman's Association.

3. The Ports Marine Trade Association has a contract with locals whereby union members are hired on a day[-]to[-]day basis.

4. Casual workers[2] are also hired on a day[-]to[-]day basis to supplement the union workforce.

5. Under the Ports Marine Trade Association, casual workers can call into an automated phone recording to find out if work is available and must appear at a union hiring center to be considered for hiring.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(a).  Section 402(a) provides that an employee is ineligible for UC benefits where his or her "unemployment is due to failure, without good cause, either to apply for suitable work" or to accept an offer of suitable work by the employment office or any employer provided that the employer notifies the employment office of the offer within seven days of making the offer. Id.

[2] Although the Board uses the term "workers" or "worker" to describe the union workforce, it appears from the record that the individuals hired by the Ports Marine Trade Association on a day-to-day basis are members of the locals regardless of their status in the union.  See Employer's Petition for Appeal from Determination, Ex. A, R.R. at 37a (stating "Claimant is a Registered Casual member of AFL-CIO International Longshoremen's Association Local 1291 in Philadelphia" (emphasis in original)).

2

6. The claimant is a casual worker to whom work is made available on a daily basis pursuant to the contract.

7. The union contract provides for the selection of workers at the discretion of those choosing based upon seniority. Union workers are to report daily to the union hall work center, badge in each morning and wait to see if work is available. All union workers are not guaranteed offers of work.

8. On May 15, 2013, the Ports Marine Trade Association had 7 slots open[,] [f]or which hundreds of union workers were vying for these jobs.

9. On May 15, 2013, the claimant did not report to the union hall for work.

10. The claimant was not guaranteed any offers of work but merely offered the possibility of employment.

(UC Referee's Decision, Findings of Fact (FOF) ¶¶ 1-10.) Claimant applied for UC benefits. The UC Service Center issued a determination finding that Claimant refused a job as a longshore laborer with Employer; however, because Employer did not notify the Department of the job offer in writing within seven days of making the offer as required by Section 402(a) of the UC Law, Claimant was not ineligible for benefits. (Notice of Determination, R.R. at 25a.)

Employer appealed the UC Service Center's determination. Employer contended that the UC Service Center incorrectly applied Section 402(a) of the UC Law because Claimant, and other workers like him, are hired on a day-to-day basis and, pursuant to the contract between the Ports Marine Trade Association (PMTA) and the locals, are not required to take the jobs. (Employer's Petition for Appeal from Determination, R.R. at 31a-32a.) Employer alleged further that forcing it to comply with the seven day notification requirement was impracticable due to the

nature of the hiring process that involved hundreds of workers on a daily basis. (Employer's Petition for Appeal from Determination, R.R. at 32a.) Finally, Employer alleged that the correct provision of the UC Law was Section 402(b) because Claimant, essentially, voluntarily left his employment by not accepting the day-to-day employment offered pursuant to the contract. (Employer's Petition for Appeal from Determination, R.R. at 32a.)

A UC Referee subsequently held a hearing. Employer presented the testimony of Diane Woznicki (Secretary). Claimant did not appear at the hearing. The UC Referee considered the circumstances surrounding Claimant's claim for UC benefits and, based on the findings of fact, concluded that there was no guaranteed offer of work to Claimant. (UC Referee's Decision at 2.) The UC Referee concluded further that Employer did not notify the Department in writing of any job offers to Claimant within seven days of the alleged offer as required by Section 402(a) of the UC Law. Accordingly, the UC Referee determined that Claimant was not ineligible for UC benefits pursuant to Section 402(a) and affirmed the UC Service Center's determination. (UC Referee's Decision at 2.) The UC Referee did not address whether Claimant was ineligible under any other provision of the UC Law.

Employer appealed the UC Referee's Decision to the Board. Therein, Employer again alleged that Section 402(a) was not applicable. (Employer's Petition for Appeal from Referee's Decision, R.R. at 72a.) Employer asserted that the UC Referee should have applied Section 401(d)(1) of the UC Law and found Claimant ineligible for UC benefits because his failure to report to the union hiring

4

hall on May 15, 2013 showed that he was not able and willing to work. (Employer's Petition for Appeal from Referee's Decision, R.R. at 72a.) Employer also asserted again that the correct provision of the UC Law applicable to this matter was Section 402(b) and that forcing it to comply with the seven day notification requirement was impracticable. (Employer's Petition for Appeal from Referee's Decision, R.R. at 72a-73a.)

The Board affirmed the UC Referee's Decision without making any independent findings of fact and conclusions of law. Employer now petitions this Court for review.[3]

On appeal, Employer asserts that the Board erred by not finding Claimant ineligible pursuant to Sections 401(d)(1) and 402(b) of the Law. Employer argues that the Board's decision ignores the contractual terms by which Claimant was offered work. Employer contends that, because the contractual terms provide that Claimant is not required to accept any suitable work offered each day through the union halls, Section 402(a) is not applicable. See Section 402(a), 43 P.S. § 802(a) (providing that "this subsection shall not cause a disqualification of a waiting week

---

[3] This Court's review of an order of the Board "is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a practice or procedure of the Board was not followed or whether the findings of fact are supported by substantial evidence in the record." Western & Southern Life Insurance Co. v. Unemployment Compensation Board of Review, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 2006). "In determining whether substantial evidence exists, we view the record in the light most favorable to the party that prevailed before the Board, and give that party the benefit of all reasonable inferences that can be drawn from the evidence." Big Mountain Imaging v. Unemployment Compensation Board of Review, 48 A.3d 492, 494-95 (Pa. Cmwlth. 2012).

5

or benefits under the following circumstances: when work is offered by his employer and he is not required to accept the offer pursuant to the terms of the labor-management contract or agreement"). Employer asserts that, because Claimant did not abide by the contractual terms and report to the union hall on May 15, 2013 for available work, the Board should have deemed him ineligible under Sections 401(d)(1) and 402(b). Employer contends that Claimant demonstrated an unwillingness to work by not reporting to the union hall for the work that was available to the seven casual employees and that as a day-to-day temporary employee, Claimant had an obligation to make a reasonable effort to preserve his employment.

As stated previously, although Employer raised these arguments before the Board, the Board did not address whether these sections of the UC Law were applicable. While the Board made some findings regarding the nature of the contractual arrangement between PMTA and casual workers such as Claimant, the Board only ruled on whether Claimant was ineligible for UC benefits pursuant to Section 402(a) of the UC Law. However, given the unusual nature of the contractual employment arrangement between Employer and the union members, it is unclear to this Court which section of the UC Law is applicable here.

Pursuant to Section 402(a) of the UC Law, an employee is ineligible for compensation for any week "[i]n which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment officer or by any employer." 43 P.S. § 802(a).

6

Pursuant to Section 401(d)(1), a claimant will be paid UC benefits if he "[i]s able to work and available for suitable work." 43 P.S. § 801(d)(1). Pursuant to Section 402(b), a claimant is ineligible for UC benefits "for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." 43 P.S. § 802(b). The claimant bears the burden of proving his or her eligibility under each of these sections. See Rising v. Unemployment Compensation Board of Review, 621 A.2d 1152, 1154 (Pa. Cmwlth. 1993) (holding that, pursuant to Section 402(a), the claimant bears the burden on both the suitability of the work and whether there is good cause not to accept suitable work when offered); Harwood v. Unemployment Compensation Board of Review, 531 A.2d 823, 825 (Pa. Cmwlth. 1987) (stating that under Section 401(d)(1), a claimant must show that he is able to do some type of work and that a reasonable opportunity for securing work exists); Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review, 906 A.2d 657, 660 (Pa. Cmwlth. 2006) (holding that a claimant has a burden to show, *inter alia*, that he made a reasonable effort to preserve his employment).

As found by the Board, some type of reciprocal contract exists between the PMTA and the local unions which sets forth terms and conditions of employment. (FOF ¶¶ 2-7.) This contract requires the union members to call an automated phone recording to determine if work is available and, if so, appear that day at their respective union hall in order to be hired for any available work. (FOF ¶ 5.) Employer contends that union members do not have to accept offered available work and that the union members are, therefore, day-to-day temporary employees; however, the provisions of the entire contract are not in the record and it is unclear

7

exactly what type of employees they are. It also appears that union members who are available for work are only required to report to the union halls and do not need to look for work, or accept work, from any employers other than the members of PMTA. See FOF ¶ 7 ("Union workers are to report daily to the union hall work center, badge in each morning and wait to see if work is available.") This employment arrangement suggests that the union members are generally considered employed unless they do not report or do not register for work on a particular day, in which case either Section 401(d)(1) or Section 402(b) might be applicable to their claims. However, it is also possible that union members are considered generally unemployed, daily workers, who are only employed on the days they can find work, in which case Section 402(a) might be applicable to their claims. Moreover, in this case, the Board made a finding that casual workers like Claimant "must appear at a union hiring center to be considered for hiring," (FOF ¶ 5), yet it is undisputed that Claimant did not appear.

The Board did not clarify these issues and found, instead, that because Employer failed to provide notice of any employment offer within seven days to the Department as required by Section 402(a), Claimant was not ineligible for benefits. However, Employer argues that, given the large number of union workers that report to the union halls on a daily basis, it would be impractical to require Employer to provide such notice. Employer asserted during the UC Referee's hearing that the PMTA employs approximately 1500 union members and it would be impossible for Employer to provide the Department, each day, with a list of every union member that would have been offered the possibility of employment had they appeared. (Hr'g Tr. at 3, 5, R.R. at 59a, 61a.)

8

Given the large number of union members, it appears likely that requiring Employer to comply with the notice requirement would force it to send a list of literally hundreds of names to the Department every single day. This Court has held that compliance with the notice provision of Section 402(a) is directory and not mandatory; therefore, compliance is not required when it would be inconsistent with the objectives of the UC Law and the claimant is not prejudiced by the delay. McKeesport Hospital v. Unemployment Compensation Board of Review, 619 A.2d 813, 815 (Pa. Cmwlth. 1992). As we explained, this Court "'cannot declare claimants to be eligible and grant them benefits merely as a result of rigid application of technical standards where, otherwise, said claimants are clearly ineligible.'" Id. (quoting Barillaro v. Unemployment Compensation Board of Review, 387 A.2d 1324, 1328 (Pa. Cmwlth. 1978)).

These and other unresolved ambiguities in the record raise questions as to which section of the UC Law is applicable here when a casual union member, such as Claimant, makes a claim for UC benefits. Accordingly, we conclude that a remand is necessary for the Board to resolve the ambiguities through additional fact finding and then apply the appropriate section of the UC Law. Accordingly, for the foregoing reasons, we vacate the Board's Order and remand this matter for the Board to determine which section or sections of the UC Law are applicable in light of the contractual employment agreement at issue and to determine Claimant's eligibility under whatever section or sections the Board deems applicable in this matter.

_____
**RENÉE COHN JUBELIRER, Judge**

Judge Brobson did not participate in the decision in this case.

9

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Murphy Marine Services, Inc.,      :
     :
             Petitioner      :
     :
          v.      :      No. 2232 C.D. 2013
     :
Unemployment Compensation      :
Board of Review,      :
     :
            Respondent      :

# **O R D E R**

**NOW**, August 4, 2014, the Order of the Unemployment Compensation Board of Review entered in the above-captioned matter is **VACATED** and this matter is **REMANDED** for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER, Judge**